UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO,<br><br>                                              Plaintiff,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., et al.,<br><br>                                              Defendants.<br><br>_____<br><br>AND RELATED CASES | Case Nos.:  18cv1818-GPC(BLM)<br><br>**ORDER DENYING DEFENDANT SODEXO'S MANAGEMENT INC.'S EX PARTE MOTION FOR PROTECTIVE ORDER STAYING DEPOSITIONS**<br><br>**[ECF No. 116]** |

Currently before the Court is Defendant Sodexo Management Inc.'s April 17, 2020 *Ex Parte* Motion for Protective Order Staying Depositions [ECF No. 116 ("Mot.")], Defendant Cargill Meat Solutions Corp.'s April 20, 2020 opposition to the motion [ECF No. 120 ("Cargill Oppo.")], and Plaintiffs' April 20, 2020 opposition to the motion [ECF No. 119 ("P.s' Oppo.")]. For the reasons set forth below, Sodexo's motion is **DENIED**.

**RELEVANT BACKGROUND**

On March 4, 2020 Governor Gavin Newsom proclaimed a state of emergency in California as the result of COVID-19.  See https://www.gov.ca.gov/2020/03/04/governor-newsom-declares-state-of-emergency-to-help-state-prepare-for-broader-spread-of-covid-19/.

On March 17, 2020, Chief Judge Larry A. Burns issued an Order in response to the COVID-19 public emergency ("CJO #18"). See CJO #18.  The Order was "predicated on the following: The President of the United States of America, the Governor of the State of California, and the Mayor of the City of San Diego have declared states of emergency in response to the spread of the coronavirus (COVID-19)."  Id.

On March 19, 2020, Governor Gavin Newsom issued Executive Order N-33-20 ordering

individuals in California to stay at home or their place of residence. See https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf

On March 26, 2020, the Court conducted a telephonic Case Management Conference ("CMC") to address the status of discovery. ECF No. 99. Messrs. Carlson, Rodoloff, and Davis appeared on behalf of Defendant Sodexo, Messrs. Falkenstein, Clark, and Gordon appeared on behalf of Plaintiffs, and Mr. Bylund and Misses Bullard and Akalaonu appeared on behalf of Defendant Cargill. Id. Plaintiffs expressed a desire to conduct depositions and indicated a willingness to do so remotely. After hearing arguments from the parties, the Court authorized the parties to conduct depositions even though additional parties and claims may subsequently be added to the case and denied Defendant Cargill's Motion to Amend the Scheduling Order by at least 90 days. ECF No. 100.

After the telephonic CMC, Plaintiffs' counsel noticed the depositions of Sodexo fact witnesses Andrew Jassick and Tegistit Almedom for April 23rd and 24th 2020. P.s' Oppo. at 3 &; see also ECF No. 119-1, Declaration of Bruce T. Clark ("Clark Decl.") at ¶ 3. On April 13, 2020, counsel for Plaintiffs and Sodexo conferred telephonically and Sodexo's counsel stated that he did not feel the depositions could proceed due to the COVID-19 outbreak and requested that Plaintiffs agree to delay all depositions for 30 to 60 days. Id.; see also Clark Decl. at ¶ 4. On April 15, 2020, Sodexo's counsel wrote a letter to counsel for Cargill and Plaintiffs again expressing Sodexo's desire to stay the depositions for 30 to 60 days and its plan to file an *ex parte* motion seeking such relief. Cargill Oppo. at 5. Plaintiffs and Sodexo agreed to continue Mr. Jassick's deposition to April 30, 2020 and to indefinitely postpone Ms. Almedom's deposition.[1] Id.; Clark Decl. at ¶ 5. Sodexo filed the instant motion on April 17, 2020 and Cargill and Plaintiffs opposed the motion on April 20, 2020. See Mot.; see also Cargill Oppo., and P.s' Oppo.

## PARTIES' POSITIONS

Defendant Sodexo seeks a protective order pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiffs and Cargill agreed to indefinitely postpone Ms. Almedom's deposition based upon Sodexo's representation that English is not her primary language and she does not have ready access to a home computer. Clark Decl. at ¶ 4; Mot. at 4, 9; Cargill Oppo. at 5.

("Fed. R. Civ. P.") 26(c) postponing the April 30, 2020 deposition of Mr. Jassick and staying all future depositions for thirty to sixty days.[2] Mot. at 3. Sodexo argues that the relief is necessary to prevent the undue burden and prejudice it will experience if it is required to go forward with depositions that it is unable to meaningfully prepare for and participate in. Id. Sodexo argues that there is good cause for the requested relief because (1) circumstances have changed since the CMC and the worsening of the COVID-19 pandemic has led to additional restrictions on businesses and individuals throughout the country, (2) not granting the relief would unfairly prejudice Sodexo as Sodexo is the only party "that must prepare for depositions with one hand tied behind its back[,]" (3) preparing for and conducting depositions via videoconference "is unworkable[,]" (4) Ms. Almedom requires an interpreter, does not have reliable Wi-Fi access or a device with a camera, and does not have a private space at her place of employment where she can meet, (5) Mr. Bowser's deposition preparation will be document intensive, he is in a vulnerable demographic, and refuses to meet with counsel in person, (6) Ms. Snyder is exceptionally busy right now responding to the COVID-19 pandemic, (7) Sodexo's lead counsel are all in a vulnerable demographic, (8) "gathering, reviewing, and providing pertinent documents to the witnesses ha[s] become very difficult in the current climate[,]" and (9) conducting depositions via videoconference will be "cumbersome." Mot. at 5-.11. Sodexo further argues that "there is no plausible justification for forcing these terms and conditions on Sodexo, and only Sodexo, and that a reasonable compromise is in order." Id. at 11.

Defendant Cargill contends that (1) this issue has already been ruled on and Sodexo's motion is essentially a motion for reconsideration that should be denied, (2) circumstances have not materially changed since the Court's ruling and in-person meetings may still be unsafe in 30-60 days, (3) Sodexo will not be unfairly prejudiced as "[a]ll parties are facing these same

---

[2] In addition to the depositions of Ms. Almedom and Mr. Jassick, Plaintiffs "have demanded depositions of eight additional Sodexo witnesses: David Bowser, Jason Boothe, Adam Godlove, Nancy Torres Espinosa, 30(b)(6) witness, Vice President (contracts) Charles Veigel, Brian Schaefer, and Heidi Snyder." Mot. at n.4 (citing ECF No. 116-1, Declaration of Robert C. Carlson in Support of Sodexo's *Ex Parte* Motion for Protective Order Staying Deposition ("Carlson Decl.") at ¶ 6.)

circumstances[]" and additional deposition notices will be issued and (4) further delay of the depositions will leave the parties with insufficient time to prepare for trial. Cargill Oppo. at 3-10.

Plaintiffs state that they are prepared to conduct Mr. Jassick's deposition via videoconference and that they should be permitted to do so. Pl.s' Oppo. at 2. Plaintiffs contend that Sodexo "overstates the effect of limitations under current public health orders" and attorneys all over the country are having to adjust to conducting depositions via videoconference. Id. at 4-5. Plaintiff notes that Veritext, the deposition service being used for Mr. Jassick's deposition "made it clear it would reach out to any counsel and witness involved in one of their depositions to ensure they were fully comfortable with the process." Id. at 5; see also Clark Decl. at ¶ 9.

## LEGAL STANDARD

Fed. R. Civ. P. 26(c) allows a party from whom discovery is sought to "move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The burden is on the person seeking the protective order to demonstrate good cause. U.S. v. $160,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citing Wilson v. Olathe Bank, 184 F.R.D. 395, 397 (D. Kan. 1999)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210–12 (9th Cir. 2002), citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). If the motion "is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit

discovery." Fed. R. Civ. P. 26(c)(2).

## ANALYSIS

Sodexo has failed to establish good cause for a protective order staying the pending April 30, 2020 deposition and all future depositions.[3]  As an initial matter, Sodexo's motion is a motion for reconsideration as this Court heard argument on this issue and rendered a decision in March 2020. ECF No. 100.  Pursuant to Civil Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ."  CivLR 7.1(i)(1).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id.  Sodexo fails to satisfy this burden and show new or different circumstances that did not exist previously. The Court's order requiring that depositions go forward was issued <u>after</u> President Trump declared a national emergency, <u>after</u> governor Newsom declared a state of emergency in California, <u>after</u> governor Newsom issued a stay-at-home order for the state of California, and <u>after</u> Chief Judge Larry Burns issued an Order in Response to the COVID-19 Public Emergency. Accordingly, the overall state of the COVID-19 pandemic, as well as the related health concerns, are not new or different facts or circumstances meriting reconsideration.

Even evaluating Sodexo's motion on the merits, rather than as a failed motion for reconsideration, the Court finds that the facts and circumstances dictate denial.  First, Sodexo argues that is being unfairly prejudiced because it is the only party that has to prepare deponents for a remote deposition.  Mot. at 8-9.  While the only noticed depositions at the moment are for Sodexo's witnesses, fact discovery does not close until November 20, 2020 [<u>see</u> ECF No. 61] and it is likely that other depositions will be noticed prior to that time.  As it is unknown how long the COVID-19 crisis will impact depositions and other in person meetings, it is likely that

---

[3] Because Plaintiffs and Defendant Cargill have agreed to indefinitely postpone the deposition of Ms. Tegistit Almedom, the Court **DENIES AS MOOT** Sodexo's request to postpone her deposition.  Clark Decl. at ¶ 5; <u>see also</u> Cargill Oppo. at 5.

future noticed depositions for other parties' witnesses also will be conducted by remote technology. In addition, it is important to note that 1) Plaintiffs wanted to depose Sodexo's witnesses months ago, which would have involved in person depositions, and Sodexo refused to allow those depositions to go forward; and 2) Sodexo has deposed all of the Plaintiffs. The incident underlying these cases occurred in October 2017, the first case was filed in August 2018, the remaining cases were filed in October 2019, discovery closes in November 2020, and yet Plaintiffs have not deposed a single Sodexo employee or witness. Discovery, including depositions, must go forward and Sodexo is not being unfairly targeted by the Court's order.

Second, Sodexo argues that a protective order should issue because remote depositions are "unworkable" and will be "cumbersome". The Court rejects this argument.[4] Attorneys and litigants all over the country are adapting to a new way of practicing law, including conducting depositions and deposition preparation remotely. See De Lench v. Archie, 2020 WL 1644226, at *2 (D. Mass., Apr. 2, 2020) ("reminding the parties that the April 5, 2021 trial date remains firm" [and] [i]n light of the current coronavirus pandemic, [] encourag[ing] the parties to avail themselves of video technology for meetings, depositions, and other communication and interactions arising in the discovery process").[5] There are numerous resources and training

---

[4] The Court also rejects Sodexo's argument regarding the age of its attorneys and Mr. Bowser, as well as the health concerns associated with COVID-19, as the remote deposition structure eliminates those concerns.

[5] See also SAPS, LLCS v. EZCARE CLINIC, INC., 2020 WL 1923146, at *2 (E.D. La., Apr. 21, 2020) (denying plaintiff's request for a protective order and motion to quash a Fed. R. Civ. P. 30(b)(6) deposition notice after noting that the "court will not require parties to appear in person with one another in the midst of the present pandemic. Nor is it feasible to delay the depositions until some unknown time in the future" and, given the June 15, 2020 trial date, finding that "the depositions to be taken in this case will satisfy Rule 28's requirement that they be 'taken before…an officer authorized to administer oaths either by federal law or by the law in the place of examination' so long as that officer attends the deposition via the same remote means (*e.g.*, video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants); Sinceno v. Riverside Church in City of New York, 2020 WL 1302053, at *1 (S.D.N.Y., Mar. 18, 2020) (ordering that "all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means" and noting that "a deposition will be deemed to have been conducted "before" an officer so long as

opportunities available throughout the legal community to assist Sodexo's counsel in the operation and utilization of the new technology. Plaintiffs' counsel has noted that Veritext, the company that will be used to carry out the deposition of Mr. Jassick, has training and informational videos online and is willing and able to communicate with counsel and witness "to ensure that they [are] fully comfortable with the process." Clark Decl. at ¶ 9.

## CONCLUSION

Sodexo's motion is **DENIED**. The deposition of Mr. Jassick will go forward as scheduled on April 30, 2020 via remote technology. See Fed. R. Civ. P. 30(b)(4) ("the court may on motion order—that a deposition be taken by telephone or other remote means."). The parties also may continue to notice and conduct other depositions. Pursuant to Fed. R. Civ. P. 28, "a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." Sinceno v. Riverside Church in City of New York, 2020 WL 1302053, at *1 (S.D.N.Y., Mar. 18, 2020). The Court expects all parties to work together in good faith in the scheduling and coordinating of Mr. Jassick's deposition as well as any future depositions.

**IT IS SO ORDERED.**

Dated: 4/24/2020

Hon. Barbara L. Major
United States Magistrate Judge

---

that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants"); and Mark Velicer, et al., v. Falconhead Capital LLC, 2020 WL 1847773, at *2 (W.D. Wash., Apr. 13, 2020) (concluding that the parties did not establish good cause for extending case deadlines where discovery is not set to close until November 2020 and the "parties assert that the pandemic impacts their ability to take depositions in person, but they do not discuss why they cannot conduct such depositions by telephone or other remote means" and urging the parties to consider alternatives to in person depositions).