UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO,<br><br>Plaintiff,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., et al.,<br><br>Defendants.<br><br>AND RELATED CASES | Case Nos.:  18cv1818-GPC(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL**<br><br>**[ECF No. 134]** |

Currently before the Court is Plaintiffs' May 20, 2020 Motion to Compel Production by Defendant Sodexo, Inc. [ECF No. 134-1 ("MTC")], Defendant Sodexo Management Inc.'s May 27, 2020 opposition to the motion [ECF No. 138 ("Oppo.")][1], and Plaintiffs' June 2, 2020 reply [ECF No. 142 ("Reply")].  For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART**.

///

---

[1] Defendant's opposition was initially filed on the docket as ECF No. 135.  On May 28, 2020 Sodexo filed a Notice of Errata to Sodexo's Response in Opposition to Plaintiffs' Motion to Compel.  ECF No. 136.  On May 29, 2020, Sodexo filed a Notice of Withdrawal of Sodexo's Response in Opposition to Plaintiffs' Motion to Compel [ECF No. 135] and a Notice of Withdrawal of the Notice of Errata [ECF No. 136].  ECF Nos. 137 and 139.  Sodexo refiled the opposition at ECF No. 138.

**DISCOVERY RELATED BACKGROUND**

On November 14, 2018, the parties filed a Joint Motion for Protective Order. ECF No. 20. On November 15, 2018, the Court issued an order granting the parties' motion with modification. ECF No. 21. On December 5, 2019, the parties filed a motion to amend the protective order. ECF No 52. The Court granted the parties' motion to amend the protective order on December 6, 2019. ECF No. 55.

On January 3, 2019, Plaintiffs served discovery requests on Sodexo which included Request for Production ("RFP") No. 23. MTC at 2; see also ECF No. 134-2, Declaration of Bruce T. Clark in Support of Plaintiffs' Motion to Compel Production by Defendant Sodexo Management, Inc. ("Clark Decl.") at ¶ 3. Sodexo objected to RFP No. 23 on April 15, 2019 and later produced a heavily redacted document in response to the request. MTC at 3; see also Clark Decl. at ¶¶ 4-5, Exh. 4.

On January 6, 2020, Plaintiffs served Sodexo with additional discovery including interrogatory No. 22 and corresponding RFP No. 69. MTC at 3-4; see also Clark Decl. at ¶ 6. Sodexo objected to interrogatory No. 22 on February 5, 2020 as over broad, burdensome, irrelevant, and privileged. MTC at 3; see also Clark Decl. at ¶ 7. Sodexo has yet to respond to interrogatory No. 22. Id. Sodexo responded with the same objections to RFP No. 69 and stated that it would not produce any responsive documents. MTC at 4; see also Clark Decl. at ¶ 8.

Plaintiffs sent a letter to Sodexo on February 5, 2020 addressing Sodexo's response to RFP No. 23. Clark Decl. at ¶ 9. Sodexo responded on February 12, 2020 and explained the reasoning behind its redactions. Id. at ¶ 10. Plaintiffs sent another letter to Sodexo on March 13, 2020, Sodexo responded, and on March 18, 2020, the parties met and conferred telephonically. Id. at ¶ 11. As a result of the meet and confer, Plaintiffs agreed to limit the scope of Interrogatory No. 22 and corresponding RFP No. 69. Id.

On March 26, 2020, the Court held a telephonic Case Management Conference regarding discovery. ECF No. 99. After the hearing, Plaintiffs sent another meet and confer letter to Sodexo. Clark Decl. at ¶ 14. The parties had a telephonic meet and confer on April 13, 2020 and in an April 14, 2020 letter, Plaintiffs offered to limit the time frame of interrogatory No. 22

and corresponding RFP No. 69 to 1993 to the present. Id. at ¶¶ 15-16. Plaintiffs emailed Sodexo three more times regarding the discovery issues and on May 1, 2020, Sodexo responded that it stood on its original objections and would not produce any additional documents. Id. at ¶¶ 17-18; see also Exh. 18.

On May 7, 2020, counsel for Defendant Sodexo, Messrs. Carlson, Rodolff, and Zackary, counsel for Defendant Cargill, Ms. Bullard, and counsel for Plaintiffs, Messrs. Falkenstein and Clark, jointly contacted the Court regarding a discovery dispute. ECF No. 131. In regard to the dispute, the Court issued a briefing schedule. Id. In accordance with that schedule, the parties timely filed their motion, opposition, and reply. Id.; see also MTC, Oppo., and Reply.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A party may request the production of any document within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3). In answering interrogatories propounded to a corporation, partnership, association or governmental agency, the officer or agent responding on its behalf "must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B).

## DISCUSSION

Plaintiffs seek an order from the Court compelling Sodexo to provide the information requested in Plaintiffs' RFP No. 23, interrogatory No. 22 and corresponding RFP No. 69. MTC at 11. Sodexo contends that the Court should "deny Plaintiffs' Motion because the demands are not relevant to any claim or defense at issue and the demands for Sodexo's financial information and for documents relating to its claims and litigation back at least 27 years ago, are not proportional to the needs of the case." Oppo. at 5-6.

A.  Request for Production No. 23

RFP No. 23 seeks

> Any contract or agreement, in force and effect during the timeframe of the subject outbreak, relating to your provision of foodservice activities at MCRD, including specifically but not exclusively any contract or agreement with the US Marine Corp

> Garrison Food Service, including all attachments, appendices, indexes, technical exhibits or any other document or reference intended as part of the contract or agreement.

Clark Decl. at ¶ 3, Exh. 3. Sodexo responded to RFP No. 23 as follows:

> Objection is interposed to this request on the ground that it is overbroad and seeks information not relevant to this action or likely to lead to the discovery of admissible evidence. The request as phrased, is burdensome and harassing. Objection is also made on the ground that the items requested are not reasonably accessible because of undue burden and cost. Additional objection is interposed to the extent the request seeks Defendant's confidential and trade secret documentation. However, subject to such objections and without waiver thereof, Defendant responds as follows: Documentation will be produced.

Clark Decl. at ¶ 4, Exh. 4. Sodexo produced a copy of its contract with USMC, however the financial information was redacted. Id. at ¶ 5.

Plaintiffs argue that the financial information in Sodexo's contract with the United States Marine Corps. ("USMC") is relevant to the costs Sodexo incurred in the operation of Mess Hall 569 where Plaintiffs allege the outbreak at issue occurred. MTC at 6. Information about Sodexo's costs is relevant as it may support Plaintiffs' theory that "Sodexo cut corners in the day-to-day operation of MH 569 to reduce its operating costs" which led to the sacrificing of safe food handling practices and Plaintiffs' health. Id. Plaintiffs also argue that the financial information will "likely shed light on Sodexo's staffing, cleaning, and equipment maintenance choices in relation to its incentive program" that is referenced in the contract and which is directly relevant to Plaintiffs' negligence claim and anticipated punitive damages claims. Id. Finally, Plaintiffs note that a protective order has been entered in this case which will protect Sodexo's financial information and trade secrets. Id. at 7.

Sodexo contends that Plaintiffs do not have a right or need to access Sodexo's financial information contained in its contracts and that trade secret law protects its financial information. Oppo. at 6. Sodexo argues that its trade secrets should be protected as it faces irreparable harm if its pricing information is disclosed because it works in the highly competitive world of

government contracts.  Id.  In support of its position, Sodexo cites Food Marketing Institute v. Argus Leader Media, 139 S.Ct. 2356, 2367 [204 L.Ed.2d 742] (2019), a case in which the United States Department of Agriculture argued that exemption 4 of the Freedom of Information Act ("FOIA") shielded them from having to disclose "trade secrets and commercial or financial information" and the Supreme Court held that plaintiff only had to show there would be some financial injury from disclosing its information in a highly competitive grocery industry.  Id.  Sodexo further contends that the information it has redacted is a trade secret because

> it is financial and business information that Sodexo, as owner of the information, has taken reasonable measures to keep secret and it has independent economic value, actual or potential, from not being readily known or readily ascertainable by others who may obtain economic value from disclosure or use.

Oppo. at 7; see also ECF No. 140-1, Declaration of Barry L. Rodolff in Support of Sodexo's Response in Opposition to Plaintiffs' Motion to Compel ("Rodolff Decl.") at ¶ 8.  Sodexo contends that the Protective Order that governs this case is insufficient because Plaintiffs intend to use the information in pleadings and at trial which creates the potential for disclosure of the information.  Oppo. at 7.  Finally, Sodexo contends that the information Plaintiffs seek is irrelevant.  Id. at 8.

Plaintiffs reply that their request for Sodexo's contract financials is not based on mere speculation, but on the fact that discovery has shown that Sodexo's contract financials "informed its decisions regarding daily operations at MH 569."  Reply at 2.  Plaintiffs reiterate their position that Food Marketing does not relate to the instant non-FOIA matter and argue that Sodexo's contention that the protective order in this matter in insufficient to protect its trade secrets is premature and unrealistic as it would mean no protective order in any case would ever be sufficient if a party may ultimately use that information at trial.  Id. at 2-3.

Plaintiffs' motion to compel further response to RFP No. 23 is **GRANTED**.  Initially, the Court finds the requested information is relevant and proportional to the needs of the case in accordance with Fed. R. Civ. P. 26 for the reasons articulated by Plaintiffs.  Secondly, Food Marketing does not support Defendant's position in this case.  In Food Marketing, the Supreme

Court held that "where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy, the information is 'confidential' within the meaning of Exemption 4." 139 S.Ct. at 2366. The instant matter is not a FOIA action seeking the release of information to the public and the standards for satisfying Exemption 4 of the FOIA set forth in Food Marketing are not instructive here. There is no argument as to the confidential nature of Sodexo's redacted information. Plaintiffs do not dispute that the contract may contain confidential or trade secret information[2] nor do they argue that the information should be made available to the public as it would be in response to a FOIA request. Accordingly, the utility of a case addressing when information provided to a federal agency becomes confidential within the meaning of Exemption 4 of the FOIA is minimal and certainly not controlling on the pending motion. Finally, the Court rejects Sodexo's arguments regarding the adequacy of the Protective Order. The Protective Order explicitly states "[t]he materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials". ECF No. 20 (emphasis added); see also Trevino v. ACB American, Inc., 232 F.R.D. 612, 617 (N.D. Cal. 2006) (requiring defendants to produce an unredacted version of the agreement and noting that since plaintiffs are not competitors of defendants, "with a stipulated protective order in place, there is virtually no risk that defendants' 'secrets' will be disclosed" where defendants claimed "they redacted the Agreement to protect confidential financial information and trade secrets"). The Court notes that the Protective Order contains a CONFIDENTIAL – FOR COUNSEL ONLY provision which is designed to provide an additional layer of protection for Sodexo's trade secret and financial information. Id. at 3 ("Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including

---

[2] See MTC at 7.

but not limited to trade secret or other confidential research, development, financial or other commercial information.") and 4 ("Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph"). The argument that the Protective Order is insufficient because Plaintiffs want to use the information in pleadings or at trial is premature and inapplicable to a discovery request. The Court has procedures in place to protect the filing of confidential information. <u>See</u> Section VI Requests to File Documents Under Seal of the Chambers Rules for the Honorable Barbara L. Major[3]; <u>see also</u> Honorable Gonzalo P. Curiel United States District Judge Civil Pretrial &Trial Procedures[4]; and Southern District of California Electronic Case Filing Administrative Policies and Procedures at Section 2j.[5] Moreover, the admissibility of the information at trial is an issue that will be addressed and resolved later if necessary and is not a reason to prevent discovery of that relevant information under the current Protective Order.

B.  <u>Interrogatory No. 22 & Request for Production No. 69</u>

Interrogatory No. 22 asks Sodexo to

> Identify any instance in which you or any subsidiary were either party to a lawsuit involving claims of injury to consumers of food products, or faced any claim or allegation of injury related to the consumption of a food product, regardless whether said claim or allegation resulted in a filed lawsuit, excluding any claim, allegation, or lawsuit arising from the subject outbreak. This request is intended to be unlimited in timeframe, and includes specifically, but not exclusively, any indemnity or other action in which you or any subsidiary sought to recover for

---

[3] The Rules are available on the Court's website at
https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf

[4] The Rules are available at
https://www.casd.uscourts.gov/judges/curiel/docs/Curiel%20Civil%20Chambers%20Rules.pdf

[5] Located at
https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf

> damages or any other remuneration to claimants alleging injury from contaminated food.

Clark Decl. at ¶ 6, Exh. 5. RFP No. 69 seeks

> Any document that you consulted or relied upon in responding to Interrogatory No. 22, or that relates in any way to any instance that you identified in response to Interrogatory No. 22.

Id. at Exh. 7. Sodexo responded by stating that the requests were (1) "grossly and abusively overbroad," (2) violated all reasonable interpretations of Fed. R. Civ. P. 26(b)(1), (3) sought irrelevant information out of proportion with the needs of any party, (4) unduly burdensome, (5) improperly compound and therefore exceeded the maximum allowable number of interrogatories, (7) not reasonably particularized, (8) vague, (9) ambiguous, (10) seeking information protected by the attorney-client privilege, (11) seeking information regarding the medical information of former litigants, and (12) potentially seeking "to learn insurers' disputed coverage positions and disclosures contrary to non-disclosure agreements." Clark Decl. at ¶¶ 7-8, Exhs. 6, 8. Sodexo concluded by stating it would not respond to the requests. Id.

Plaintiffs argue that responses to interrogatory No. 22 and RFP No. 69 are relevant and critical to their negligence claims against Sodexo. MTC at 8. Prior lawsuits against Sodexo will show that Sodexo was aware of the dangers facing consumers when food is improperly prepared, cooked, stored, or served. Id. Lawsuits against Sodexo relating specifically to E. coli O157:H7 infections would "further deepen the institutional knowledge that Sodexo has regarding the risks and consequences of undercooking ground beef at the time of the E. coli O157:H7 outbreak in this case." Id. The responses to this discovery may also lead to admissible evidence regarding the circumstances that caused the outbreak in this case. Id. Plaintiffs note that they have narrowed the original request twice and are now seeking "lawsuits for food-related injuries filed against Sodexo in the United States since 1993." MTC at 7-8.

Sodexo contends that Plaintiffs' interrogatory is improperly compound. Oppo. at 9. Specifically, the interrogatory consists "of multiple discrete subparts, causing both the Interrogatory itself, and the entire set of Interrogatories to exceed the 30 agreed upon Interrogatories." Id. Sodexo notes that even if Plaintiffs were to withdraw and rewrite the

interrogatory, they will still have exceeded their limit of thirty interrogatories. Id. Sodexo also contends that Plaintiffs' request is grossly overbroad and irrelevant. Id. at 8. Even with the narrower scope, Sodexo contends the interrogatory and corresponding RFP still "retain[] the unlimited look-back, inclusiveness of all subsidiaries [and] disregard for relevance to the contaminated ground beef provided by Cargill, and others." Id. at 9. Sodexo notes that the facts and documents from past litigation are not relevant to the instant matter and food service and safety rules have changed over the years. Id. at 9-10.

Plaintiffs reply that Sodexo fails to explain how interrogatory No. 22 is compound and that even if it is compound, Plaintiffs have only served 26 interrogatories and are well within the 30-interrogatory limit. Reply at 5. Plaintiffs also reply that their request

> is relevant to proving the depth of Sodexo's actual knowledge that: (1) ground beef is one of the most common food vehicles for Shiga toxin-producing E. coli (STEC) transmission; (2) STEC infections can cause disease, and even death, in humans; (3) STEC can cause the blood disorder hemolytic uremic syndrome, which can result in catastrophic injuries to the kidneys and brain; and (4) ground beef is particularly susceptible to harboring STEC and must be cooked to an internal temperature of 155° for 15 seconds to eliminate STEC.

Id. at 3. Plaintiffs note that they have alleged this knowledge in their complaint and that proving this knowledge is a required element of their negligence claim. Id.

1. Compound

Fed. R. Civ. P. 33(a) defines "written interrogatories, [as] including all discrete subparts." Although the term "discrete subparts" does not have a precise meaning, courts generally agree that "interrogatory subparts are to be counted as one interrogatory … if they are logically or factually subsumed within and necessarily related to the primary question." Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D.Cal.1998) (citing Kendall v. GES Exposition Services, 174 F.R.D. 684 (D. Nev. 1997)).[6]

---

[6] Sodexo contends that the parties have agreed to limit the number of interrogatories to thirty. Oppo. at 9. In their March 10, 2020 Joint Hearing Statement Regarding the Status of Discovery, the parties stated "Sodexo also requests that the Court clarify the number of interrogatories

In its objection, Sodexo contends that interrogatory No. 22 is compound because it is directed to at least two entities (SODEXO and subsidiaries); it addresses at least four types of actions (lawsuits, non-lawsuit claims, indemnity actions, and other actions); unspecified types of food products (assume meat and produce); and two types of recovery (damages or other remuneration).

Clark Decl. at Exh. 6. The Court declines to address interrogatory No. 22 as originally written and will instead address the modified interrogatory No. 22 request to identify any "lawsuits for food-related injuries filed against Sodexo in the United States since 1993." MTC at 7-8. The Court finds that modified interrogatory No. 22 is not compound. Accordingly, Sodexo's objection on this ground is **OVERRULED**.

### 2. Relevance & Overbreadth

The Court finds that the requests seek relevant information, but are overbroad as written and as modified. As articulated by Plaintiffs, Sodexo's knowledge regarding the dangers of undercooked ground beef, the causal connection between undercooked beef and STEC infections and the health consequences of STEC is relevant to the instant litigation. However, Plaintiffs have not established the relevance of twenty-seven years of litigation, especially since the applicable regulations and food safety rules have changed overtime. Plaintiffs also have not established the relevance of litigation involving other food-related injuries. For example, a lawsuit against Sodexo stemming from food that was allegedly contaminated with a foreign object would not be relevant to the instant matter which concerns the "knowledge of the risks associated with serving ground beef as a menu item, specifically the risk that undercooked ground beef is a known vector of *E.coli* O157:H7." MTC at 8. Therefore, the motion to compel response to interrogatory No. 22 is **GRANTED IN PART**. Sodexo must identify all lawsuits filed

---

allowed now that these cases have been consolidated for discovery. The Parties previously stipulated to 30 interrogatories. Consolidation should not result in 8 x 30 = 240 interrogatories; Sodexo suggests that now is the time to address this issue." ECF No. 89 at 16. The Court did not address the issue in its order following the discovery hearing [see ECF No. 100], but the Plaintiffs acknowledge the agreement in their Reply. Reply at 5 ("Plaintiffs have only served 26 interrogatories on Sodexo and are thus well within the 30-interrogatory limit.").

within the last five years against Sodexo (not all of Sodexo's affiliates and subsidiaries) regarding food related injuries arising from *E.coli* or improperly stored or ground beef.

For the reasons set forth above, Plaintiffs' motion to compel response to RFP No. 69 is also **GRANTED IN PART**. Sodexo must provide any document it consulted or relied upon in responding to interrogatory No. 22 as modified by the Court. The portion of RFP No. 69 that seeks any document "that relates in any way to any instance that [Sodexo] identifie[s] in response to interrogatory No. 22" is overbroad and the motion to compel is denied as to it.

C.    Discovery Progress

The Court has read the parties' positions regarding the progression of discovery in this matter. MTC at 9-10; see also Oppo. at 10-13. Because there is no specific relief being requested, the Court will not address this issue other than to remind the parties that the Court expects all parties and counsel in this matter to conduct discovery in accordance with the Federal Rules of Civil Procedure and to adhere to the rules of professionalism as addressed in Civil Local Rule 2.1.

**IT IS SO ORDERED**.

Dated:  6/24/2020

Hon. Barbara L. Major
United States Magistrate Judge