1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   VINCENT GRANO, an individual,          Case No.: 3:18-cv-01818-GPC-BLM

12                            Plaintiff,    **ORDER GRANTING IN PART AND**
                                            **DENYING IN PART CARGILL'S**
13   v.                                     **MOTION TO STRIKE DEFENDANT**
                                            **SODEXO'S ANSWER AND CROSS-**
14                                          **CLAIMS**
     SODEXO MANAGEMENT, INC., a New
15   York Corporation; and CARGILL MEAT     **[ECF No. 141]**
     SOLUTIONS CORP., a Delaware
16   Corporation,

17
                             Defendants.
18

19

20   AND RELATED CASES

21

22

23

24

25

26

27

28
                                      1

1
2
3
4

Before the Court is Defendant Cargill Meat Solutions Corp.'s ("Cargill") Motion to Strike Defendant Sodexo's ("Sodexo") Answer and Cross-Claims in the seven related member cases.[1]  ECF No. 141.  Sodexo filed an opposition on July 2, 2020.  ECF No. 160.  Defendants filed a reply on July 9, 2020.  ECF No. 163.

5

**I.    Background**

6
7
8
9
10
11
12

These eight related actions arise out of injuries sustained from a 2017 *E. coli* outbreak at the Marine Corps Recruit Depot ("MCRD") and Edson Range at Camp Pendleton, California.  Plaintiffs bring strict liability and negligence claims against Sodexo and Cargill for injuries caused by this outbreak.  ECF No. 37 ("SAC").  Sodexo is a New York corporation that is responsible for providing food and facility management services for the United States Navy at both MCRD and Edson Range.  ECF No. 37 ¶ 2.  Cargill manufactures, distributes, and sells meat products to Sodexo.  ECF No. 37 ¶ 3.

13
14
15
16
17
18
19
20

Plaintiff Grano initiated the lead case on August 3, 2018.  ECF No. 1.  On October 7, 2019, Plaintiffs in all seven member cases initiated their actions.  On October 22, 2019, Plaintiff Grano filed a Second Amended Complaint ("SAC"), adding Cargill as a defendant on the basis that Cargill had sold to Sodexo the allegedly contaminated ground beef patties that give rise to Plaintiffs' claims.  ECF No. 37 ¶ 34.  On December 5, 2019, Cargill filed an answer to the SAC, and a cross-claim against Sodexo for breach of an indemnification agreement between Cargill and Sodexo.  ECF No. 53.  On December 26, 2019, Sodexo answered Cargill's cross-claim and filed its own cross-claim against

21
22
23
24
25
26
27
28

---

[1] Parties have filed the relevant pleadings in the lead case, *Grano v. Sodexo Mgmt. Inc., et al.*, 3:18-CV-01818-GPC-BLM ("*Grano* matter").  Unless otherwise noted, all ECF cites refer to the *Grano* matter.  The related member cases are *Anderson v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01903-GPC-BLM ("*Anderson* matter"); *Lader v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01908-GPC-BLM ("*Lader* matter"); *Baker v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01904-GPC-BLM ("*Baker* matter"); *Browning v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01905-GPC-BLM ("*Browning* matter"); *Abbott v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01917-GPC-BLM ("*Abbott* matter"); *Evers v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01907-GPC-BLM ("*Evers* matter"); *Miller v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01909-GPC-BLM ("*Miller* matter") (together, "member cases").

18-cv-01818-GPC

Cargill for breach of a separate indemnification agreement.  ECF No. 62.  On February 25, 2020, Sodexo filed an answer to Cargill alleging its own cross-claims against Cargill in all member cases.[2]

On March 18, 2020, the Court issued an Amended Consolidation Order, consolidating all eight cases for the purpose of all motion practice.  ECF No. 88.  On May 4, 2020, the Court considered Plaintiffs' motion to sever all Defendants' cross-claims in the member cases and denied the motion as to cross-claims regarding failure to indemnify, but granted the motion to sever as to the cross-claims regarding failure to procure insurance.  ECF No. 126 at 14-20.

On June 1, 2020, Cargill filed a Motion to Strike Sodexo's answer and cross-claims in the member cases.  ECF No. 141 at 4-6.  On July 7, 2020, Sodexo filed an Opposition.  ECF No. 160.   On July 9, 2020, Cargill filed a Reply.  ECF No. 163.

## II.    Discussion

Cargill argues Sodexo's cross-claim regarding failure to procure insurance is immaterial, and moves to strike under Rule 12(f).  *Id.* at 7-8.[3]  Additionally, Cargill claims that Sodexo failed to timely file its answer and cross-claims, as required by Federal Rule of Civil Procedure ("Rule") 12(a)(1)(b) and was required to seek leave of Court to supplement its pleading as required by Rule 15(a)(2) but failed to do so.  Sodexo counters that striking its pleadings will be judicially inefficient and that its filing was timely made.  The Court will address each argument in turn.

### A. Rule 12(f)

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P.

---

[2] *Abbott*, ECF No. 23; *Anderson*, ECF No. 22; *Baker*, ECF No. 23, *Browning*, ECF No. 22; *Evers*, ECF No. 22; *Lader*, ECF No. 22; *Miller*, ECF No. 22.
[3] Cargill states that it would not oppose if Sodexo moved to late-file their indemnification claim.  ECF No. 141 at 9.

12(f).  A matter is immaterial when it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Dawe v. Corr. USA*, No. CIVS071790LKKEFB, 2009 WL 2591146, at *1 (E.D. Cal. Aug. 20, 2009).

"The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994)).  "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.' " *Cortina v. Goya Foods*, Inc., 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).  Such motions should only be granted if "the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *New York City Employees' Ret. Sys. v. Berry,* 667 F.Supp.2d 1121, 1128 (N.D. Cal. 2009).  "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader." *Novick v. UNUM Life Ins. Co. of America*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (citing RDF Media Ltd., 372 F. Supp. 2d at 561).

Here, Cargill argues that Sodexo's cross-claim regarding failure to procure insurance coverage is immaterial to the Plaintiffs' claims.  The Court has considered this claim previously, in the context of a supplemental cross-claim, and held that "judicial efficiency would not be served by considering this cross-claim in either the lead case *or the member cases*."  ECF No. 126 at 20 (emphasis added).

Here, the merits of the Plaintiff's case center on the liability of Defendants for injuries caused by this outbreak.  ECF No. 37.  This insurance cross-claim relates only to the business relationship of the two Defendants, and do not arise out of the same transaction or occurrence that give rise to the Plaintiffs' claims.  *See ALPS Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, No. 319CV00709MMDCLB, 2020 WL 1821428, at *4

(D. Nev. Apr. 10, 2020) ("[T]he crossclaims are largely tangential to the Coverage Action. That is, the two set of claims are not so logically related that considerations of judicial economy and fairness dictate that all of the issues between them be resolved in one lawsuit."); *Podiatry Ins. Co. of Am. v. Falcone*, Civ. A. No. 3:10-1106, 2011 WL 1750708, at *3 (S.D.W. Va. Feb. 25, 2011) ("Whether or not [claimant's] injuries stemmed from ... malpractice has no bearing on whether [the insurer] can be held responsible" under its policy).

Resolving this dispute between Defendants, would require the parties to conduct discovery and depositions regarding the business relationship between Sodexo and Cargill and other factual disputes regarding contract formation with respect to the Master Supply Agreement and Subcontract Agreement.  *See* ECF No. 107 at 3-4. Motions to strike are often granted where they remove unnecessary clutter and prevent delay.  *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1137–38 (E.D. Cal. 2010) ("Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense….") (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (1993)).

Lastly, the movant must show prejudice.  *Berry,* 667 F. Supp. 2d at 1128.  Here, Cargill expresses the familiar concern that the inclusion of this claim in the member cases but not in Grano, "will create 'cases within cases,' forcing the Court to hear discovery disputes and motions unrelated to the Plaintiffs' actions," ECF No. 141 at 8, and will require "extensive discovery" which will be unrelated to the merits of the case.  ECF No. 163 at 5.  This will effectively create "case management agony."  ECF No. 141 at 5.  This threat of delay and unnecessary expenditure constitutes adequate prejudice for granting a motion to strike.  *See Atlantic City Elec. Co. v. General Elec. Co.*, D.C.N.Y.1962, 207 F. Supp. 620, 624, *affirmed on other grounds* C.A.2d, 1962, 312 F.2d 236, certiorari denied 83 S.Ct. 1298, 373 U.S. 909, 10 L.Ed.2d 411 (Feinberg, J.).  "The possibility that

issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient." *Benham v. American Servicing Co.*, 2009 WL 4456386, *8 (N.D. Cal. 2009); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (holding that the 12(f) motion to strike functions to avoid unnecessary expenditures of time and money); *United States v. Paulson*, 331 F. Supp. 3d 1066, 1076–77 (S.D. Cal. 2018), *reconsideration denied*, No. 15-CV-2057 AJB (NLS), 2018 WL 5920143 (S.D. Cal. Nov. 13, 2018).

The Court finds that striking the failure to procure insurance cross-claim will streamline the proceedings, make trial less complicated, and avoid unnecessary expenditures of time. As such, the Court **GRANTS** Cargill's motion to strike Sodexo's cross-claim alleging failure to procure insurance.

## B. Untimeliness

Having dismissed the failure to procure insurance cross-claims, the Court considers Sodexo's remaining cross-claims and answer. Cargill argues that the Court may strike Sodexo's answers and cross-claims in the member cases on the basis of timeliness. Cargill filed its cross-claim on December 5, 2019 and claims that Sodexo was required to file its answer by December 26, 2019, per the 21-day time period set forth by Rule 12(a)(1)(b). ECF No. 141 at 8. Sodexo filed its answer and cross-claims in the member cases on February 25, 2020.[4] Sodexo argues that its filing was timely, because Cargill did not effectuate proper service. ECF No. 160 at 5-8.

Rule 12(a)(1)(B) requires that a party "serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Fed. R. Civ. P. 12(a)(1)(B). "Although not provided for in

---

[4] *Abbott*, ECF No. 23; *Anderson*, ECF No. 22; *Baker*, ECF No. 23, *Browning*, ECF No. 22; *Evers*, ECF No. 22; *Lader*, ECF No. 22; *Miller*, ECF No. 22.

18-cv-01818-GPC

Rule 12(f), an answer (or other pleading) filed beyond the time permitted by the Fed. R. Civ. P. may be 'stricken' as untimely if the pleader failed to obtain from the court an extension of time or leave to late-file the pleading." *Barefield v. HSBC Holdings PLC*, No. 118CV00527LJOJLT, 2019 WL 918206, at *2 (E.D. Cal. Feb. 25, 2019) (quoting Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G at 9:374.1 (Mar. 2018)). Here, Sodexo argues that the 21-day time period as set forth by Rule 12(a)(1)(B) never began to run because they were never served in accordance with Rule 4(h), which requires that a corporation be served in accordance with Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). The Court disagrees.

Cargill filed its answer and cross-claims against Sodexo in the related cases on December 5, 2019. Sodexo filed its answers to the Plaintiffs' complaints in all the related cases on December 12, 2019.[5] On December 26, 2019, Sodexo filed its answer to Cargill's cross-claim in the lead case. On February 25, 2020, Sodexo filed its answers to Cargill's cross-claims in the member cases. Since Sodexo's counsel had not officially appeared by filing a Notice of Appearance with the court filing system, Sodexo's counsel was not yet receiving Notices of Electronic Filing, and so were not properly served in this way. *See* Civ. L. R. 5.4(c) ("The Notice of Electronic Filing that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document *on Filing Users*.") (emphasis added).

Rule 12(f) does not "neatly cover" the striking of material that is considered "untimely" but otherwise does not contain anything "redundant, immaterial, impertinent, or scandalous." *Barefield v. HSBC Holdings PLC*, No. 118CV00527LJOJLT, 2019 WL

---

[5] *Anderson,* ECF 10; *Abbott*, ECF 11: *Baker*, ECF 11; *Browning*, ECF 10; *Evers*, ECF 10; *Lader*, ECF 10; *Miller*, ECF 10.

18-cv-01818-GPC

918206, at *2 (E.D. Cal. Feb. 25, 2019).  Accordingly, courts have treated such requests under the framework of Rule 55 since "the filing of a late answer is analogous to a motion to vacate a default, because the party filing the late answer receives the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had moved under Rule 55(a) to set it aside." *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002).  Under Rule 55, courts consider (1) whether the party engaged in culpable conduct the led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party.  *See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  The factors are considered disjunctively, and a court is free to find the absence of good cause and deny a motion to set aside entry of default if any of the three factors is present.  *Id.*

The Ninth Circuit has held that "a defaulted party's conduct is culpable 'if he has received actual or constructive notice of the filing of the action and intentionally failed to answer.' " *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988)).  Sodexo was aware of and participating in each of the member cases prior to the filing of Cargill's answer and cross-claims against Sodexo.[6]  Although Cargill never requested a waiver of formal service from Sodexo, Sodexo certainly had actual notice of proceedings and the filing, as they had been participating in the lead case (i.e., the *Grano* matter) for over a year and the member cases for months.  Additionally, Sodexo was able to meet the correct filing deadline in the lead case, so were clearly aware of the timeframe in which they were to answer Cargill's cross-claims.  ECF No. 62.  For the foregoing reasons, the Court finds Sodexo's Answer to be untimely.  See *United Food & Commercial Workers*

---

[6] As evidenced by the filing of waiver of formal service on October 16, 2019 in *Anderson,* ECF 4; *Lader,* ECF 4; *Baker,* ECF 5; *Browning,* ECF 4; *Abbott,* ECF 5; *Evers,* ECF 4; *Miller,* ECF 3.

*Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.").

Regardless, both parties have expressed an interest in what would best "harmonize the claims in *Grano* and the Related Cases." ECF 141 at 6; ECF 160 at 8. Sodexo notes that the indemnification issue is already being litigated in the lead case, ECF No. 160 at 8, and Cargill similarly notes that it would not oppose a motion by Sodexo to late file the indemnification cross-claim in the related cases. ECF No. 141 at 5. Accordingly, it would be inefficient to strike the claim here, only for Sodexo to later refile with the consent of Cargill.

Accordingly, the Court finds it in the interest of judicial efficiency to strike the failure to procure insurance cross-claim *only,* as this cross-claim is immaterial to issues in this case, under Fed. R. Civ. P. 12(f). However, the motion to strike is denied as to the remaining claims because such action would unnecessarily delay the proceedings. *See AT&T Corp. v. Dataway Inc*., 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (denying motion to strike answer to counterclaims filed 170 days late where it was more efficient and there was no prejudice to counterclaimant); *see also Cabral v. Supple*, LLC, No. ED 12-00085-MWF (OPx), 2013 WL 12171760, at *1 (C.D. Cal. Feb. 12, 2013) (denying motion to strike untimely answer where the plaintiff would "suffer no prejudice"); *Wynes v. Kaiser Permanente Hosps.,* No. 2:10-cv-00702-MCE, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013) ("federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme ..., is not, by itself, a sufficient reason for granting a motion to strike.").

/ / /

/ / /

/ / /

/ / /

**III.    Conclusion**

Having considered the moving papers and the Parties' arguments, Cargill's Motion to Strike Sodexo's Answer and Cross-Claims is **GRANTED** as to the failure to procure insurance claims and **DENIED** as to the remaining claims and pleadings.


**IT IS SO ORDERED.**

Dated:  July 22, 2020

Hon. Gonzalo P. Curiel
United States District Judge

18-cv-01818-GPC