UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO,<br><br>                               Plaintiff,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., et al.,<br><br>                               Defendants. | Case No.:  18cv1818-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING EXTENSION OF EXPERT DISCLOSURES AND SCHEDULING ORDER**<br><br>**[ECF No. 158]** |

Currently before the Court is Plaintiffs' July 1, 2020 Motion for Reconsideration [ECF No 158 ("Mot.")], Defendant US Foods, Inc.'s July 10, 2020 Opposition [ECF No. 164 ("US Oppo.")], Defendant Sodexo Management Inc.'s July 10, 2020 Opposition [ECF No. 165 ("Sodexo Oppo.")], Defendant Cargill Meat Solutions Corp.'s July 10, 2020 Opposition [ECF No. 166 ("Cargill Oppo.")], and Plaintiffs' July 14, 2020 Reply [ECF No. 167 ("Reply")].  For the reasons set forth below, Plaintiffs' motion is **DENIED**.

## **BACKGROUND**

On June 26, 2020, Third Party Defendant US Foods, Inc. filed a Motion to Amend Scheduling Order seeking to "extend[] all current deadlines for a period of six months, or, alternatively, to extend expert disclosures and discovery by 90 days."  ECF No. 150-1 at 2.

On June 26, 2020, Defendant Cargill Meat Solutions Corporation filed a Notice of Joinder to US Food's Motion to Amend Deadlines and a Motion to Extend the Expert Disclosure Deadline.

ECF Nos. 151 and 152. In its Notice, Cargill stated that it "joins in Defendant US FOODS'S Motion to Amend Deadlines [ECF No. 150] in its entirety." ECF No. 151 at 3. In its Motion to Extend the Expert Disclosure Deadline, Cargill sought to "extend the expert disclosure and rebuttal deadlines by 90 days." ECF No. 152 at 3.

On June 29, 2020, Defendant Sodexo Management Inc. filed a Notice of Joinder to Cargill Meat Solutions Corp.'s Motion to Extend Expert Deadlines and US Foods' Motion to Amend Scheduling Order. ECF No. 153. Sodexo requested "that the Court grant US Foods and Cargill's pending motions and that the current Scheduling Order be modified to extend expert discovery deadlines not only as to Cargill and US Foods but for all parties, including Sodexo." Id. at 3.

Plaintiffs did not file an opposition to the motion and on June 30, 2020, the Court issued an Order Granting Third Party Defendant US Foods, Inc.'s Motion to Amend Scheduling Order and Defendant Cargill's Motion to Extend the Expert Disclosure Deadline. ECF No. 156. That same day, Plaintiffs' counsel called Judge Major's Chambers and explained that they had intended to oppose the motion, but were not given the opportunity to do so before the Court issued its ruling. The Court informed counsel that Plaintiffs could file a motion for reconsideration. Plaintiffs filed their motion for reconsideration on July 1, 2020. ECF No. 158. That same day, the Court issued a briefing schedule on the motion. ECF No. 159. The parties timely filed their oppositions and reply. See US Oppo., Sodexo Oppo., Cargill Oppo., and Reply.

## **LEGAL STANDARDS**

<u>Motion for Reconsideration</u>

Pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id. Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." Additionally, pursuant to Federal Rule of Civil

Procedure ("Fed. R. Civ. P. ") 59(e), a party must file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

<u>Modifying a Scheduling Order</u>

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. <u>Noyes v. Kelly Servs.</u>, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." <u>Id.</u>

## **PARTIES' POSITIONS**

Plaintiffs seek reconsideration of the Court's June 30, 2020 order [<u>see</u> ECF No. 156]. In support, Plaintiffs argue that they were not provided with the opportunity to oppose the motions despite the fact that both motions [<u>see</u> ECF Nos. 150, 152] noted Plaintiffs' opposition to the requested relief. Mot. at 2. Plaintiffs state that they did not oppose the motions because they were unaware that the motions were *ex parte,* and they anticipated that the Court would issue a briefing schedule as it has done for previous disputes. <u>Id.</u> Plaintiffs further argue that good cause did not exist for the requested continuances which are unreasonable and "manifestly unjust." <u>Id.</u> at 3. Specifically, Plaintiffs argue that outstanding FOIA requests do not constitute good cause for a continuance because all of the parties likely have outstanding FOIA requests and there is no guarantee that the parties will receive responses to those requests anytime soon and the outstanding requests (as well as outstanding subpoenas) are not relevant "to the central issues of causation in this case." <u>Id.</u> Plaintiffs further argue that Cargill's decision to wait to issue subpoenas until six months after it was sued and on the eve of its deadline to do so does not constitute diligence. <u>Id.</u> at 4.

Third-Party Defendant US Foods requests that the Court uphold its order and contends

that the order is correct because US Foods "was joined to this complex litigation twenty-two (22) months after its inception and needs the additional time to adequately prepare its defense." US Oppo. at 2.  US Foods notes that there is no newly discovered evidence or change in law and that the Court was aware of Plaintiffs' opposition when it granted the motion. Id. at 3. Additionally, in granting the motion, the Court found that good cause existed for continuing the dates because US Foods has been diligent in its efforts to comply with the Court's scheduling order. Id. at 3-4. US Foods contends that "[w]ithout the extension granted by the Court, US Foods would be required to complete nearly two years' worth of discovery in a period of only a few months in the midst of a global pandemic" which is not possible. Id. at 5.

Defendant Sodexo contends that the new scheduling order should remain and opposes Plaintiffs' "Motion and its understatement of the legitimate need for all of the Defendants to obtain the many crucial documents that relate both to liability and damages issues." Sodexo Oppo. at 4.  Sodexo further contends that despite its diligence, it has not received any responses to its requests for Plaintiffs' military personnel and medical records which are relevant to Plaintiffs' economic and medical damages claims and critical for Sodexo's experts' opinions and reports.  Id.; see also ECF No. 165-1, Declaration of Scott A. Davis in Support of Sodexo Management Inc.'s Response in Opposition to Plaintiffs' Motion for Reconsideration ("Davis Dec.") at  ¶ 5.  Sodexo is also waiting for responses to outstanding document subpoenas to Plaintiffs' medical providers which are essential for Sodexo's medical experts to review. Id. at 4-5; see also Davis Decl. at ¶ 9.  Sodexo contends that it has been diligently pursing these records which have been delayed due to COVID-19 and not anything Sodexo has or has not done. Id. at 5.  Finally, Sodexo notes that is also awaiting discovery response from Defendants Cargill and US Foods. Id. at 6.

Defendant Cargill Meat Solutions, Corp. contends that there is good cause to amend the scheduling order and that it has diligently conducted discovery in this case in good faith.  Cargill Oppo. at 3-5. Cargill further contends that its outstanding discovery requests are not part of a fishing expedition, but are "directly relevant to causation which must be proved" and that it is waiting to schedule depositions until after it receives additional discovery responses. Id. at 4.

Cargill notes that it began discovery as soon as it was brought into this litigation and that it has proceeded diligently.  Id. at 4-5.

Plaintiffs reply that while US Foods may need some additional time to prepare its case, its role in this case is not as significant as it portrays, and a six month extension of time is not warranted.  Reply at 2.  Specifically, US Foods merely distributed the boxed frozen beef patties, but did not manufacture anything or participate in a way that requires "the discovery output that it claims." Id. at 2-3.  Accordingly, providing a sixty to ninety day continuance would provide an appropriate balance.  Id. at 3.  Plaintiffs argue that this is an attempt by Defendants to delay and extend this case and that the COVID-19 pandemic is something the parties must continue to adapt to as they have done with remote depositions.  Id.  Plaintiffs also argue that Sodexo has had sufficient time to comply with the case deadlines as it has been a Defendant since the summer of 2018 and that Cargill received demand materials in October 2019 and its liability has remained the same.  Id. at 4.  Finally, Plaintiffs argue that a sixty – ninety day extension should be granted given US Foods' role in this litigation and recent addition to this matter, but that no extension should be given based upon good cause by Sodexo and Cargill who "waited too long to take steps necessary to their defense." Id. at 5.

## DISCUSSION

As an initial matter, the Court notes that the motions at issue and the responses or lack thereof were not in strict compliance with this Court's Chambers Rules.  Judge Major's Chamber's Rules require that *Ex Parte* motions

> include a description of the dispute, the relief sought, and a declaration describing the efforts made to resolve the dispute without the Court's intervention and establishing that reasonable and appropriate notice of the filing of the ex parte application was made to opposing counsel in accordance with Civil Local Rule 83.3.g.[1]

Honorable Barbara L. Major U.S. Magistrate Jude Chambers Rules- Civil Cases, Section VIII.[2]

---

[1] Available at https://www.casd.uscourts.gov/_assets/pdf/rules/2020.06.01%20Local%20Rules%20(edited).pdf

[2] Available at https://www.casd.uscourts.gov/judges/major/docs/Chambers%20Rules%20Civil.pdf

Opposing counsel is then given until 5:00 p.m. the next business day to file an opposition or to contact Judge Major's Law Clerk to request additional time to file an opposition. Id. Judge Major's Rules also require that *ex parte* motions to amend the scheduling order contain a declaration "address[ing] the steps counsel took to meet and confer with opposing counsel to obtain authorization to file a joint motion, as well as the subjects required for the joint motion." Id. at Section III B.  Here, US Foods failed to include the required declaration and related information in its Motion to Amend Scheduling Order.  ECF No. 150.  Cargill filed a declaration in support of its Motion to Extend Expert Deadline, but the declaration did not address the topics required by Judge Major's Chambers Rules.  ECF Nos. 152 and 152-1.  Plaintiffs did not file an opposition to either motion.  See Docket.  In light of the noncompliance by the parties with Chambers Rules and confusion surrounding the opposition, the Court elects to decide the issue on the merits.

Plaintiffs do not dispute that a continuance of the deadlines was appropriate for US Foods, but argue that they should have only been extended by ninety days at the most and that the Court's decision to extend them by 180 days was incorrect.  Mot. at 3-4; see also Reply at 5. Defendants all agree that there was good cause for a six month continuance of the case deadlines.  US Foods Oppo., Sodexo Oppo., and Cargill Oppo.

The Court finds that there is good cause for a six month continuance of deadlines.  First, as all parties acknowledge, US Foods only recently entered the case which has been pending since August 2018.  Requiring US Foods to proceed without any extension of dates would be unrealistic and unjust.  Plaintiffs' argument that any such extension should be limited to sixty to ninety days because US Foods plays only a small role in this litigation and does not need the level of discovery it represents [see Reply at 3], is unavailing.  Plaintiff's view of US Foods' role does not dictate how much discovery US Foods needs or is entitled to.  Rather, US Foods must be provided a reasonable amount of time to conduct the discovery it believes it needs and to adequately prepare its case.  An additional sixty to ninety days is insufficient.

Second, the Court finds that US Foods, the moving party to the motion to amend the scheduling order [ECF No. 150], has been reasonably diligent.  US Foods entered the case on

May 7, 2020 and already has received and reviewed approximately 28,000 pages of discovery documents, received and reviewed fourteen deposition transcripts and twelve sets of discovery responses, launched a trace back investigation of relevant products, and participated in the depositions of four to six witnesses. ECF No. 150-1 at 2-3. The Court notes that Plaintiffs do not appear to disagree or argue that US Foods has not been diligent since it entered the case. Mot. Additionally, US Foods' reasons for seeking a six month continuance of the deadlines, such as the need to "complete its comprehensive internal investigation, retain liability expert(s), and consider the retention of damages experts to review the cases of the Plaintiffs[,]" and possibly the need to re-depose witnesses who were deposed prior to US Foods joining this case, depose newly identified witnesses, subpoena third-party entities, and depose third-party witnesses, demonstrates good cause. Id. at 3.

Third, the Court finds that Cargill, the moving party to the motion to extend the expert disclosure deadline [ECF No. 152], also has been reasonably diligent. Cargill submitted FOIA requests in February 2020 and is still awaiting responses. Id. at 4; see also ECF No. 152-1, Declaration of Elsa Bullard in Support of Defendant Cargill's Motion to Extend Expert Disclosure Deadline ("Bullard Decl.") at ¶ 5. Cargill has followed up on each request weekly, but it remains unclear when the documents will be released.[3] Id. at 6.; see also Bullard Decl. at ¶ 5. Also, despite issuing a subpoena on December 2, 2019 to US Foods, Cargill is still awaiting the completion of traceback analysis which has been delayed by US Foods' and Sodexo's inability to identify the relevant lot numbers of its products served on the date at issue. Id. at 4, 7-8. Finally, Plaintiffs have yet to undergo independent medical examinations which have been delayed in part by COVID-19. Id. at 4, 8; see also Bullard Decl. at ¶ 7.

Finally, the Court finds that the degree of prejudice to Plaintiffs is outweighed by

---

[3] Plaintiffs argue that the outstanding FOIA requests do not merit good cause because "[t]here is no guarantee of responses to outstanding requests in 60, 90, or 360 days, and this case cannot be perpetually delayed." Mot. at 3. To be clear, the Court is not saying that discovery will be delayed indefinitely until Defendants receive complete responses to any and all FOIA requests. The Court merely finds that Cargill's serving of the requests in February 2020 and repeated attempts to follow-up on those requests demonstrates reasonable diligence.

Defendants' diligence. "Because diligence is the primary focus of a Rule 16(b) inquiry, the prejudice to the opposing party must be significant when the moving party has acted diligently in bringing the motion." <u>Woodward v. County of San Diego</u>, 2020 WL 1820265, at *4, (Apr. 10, 2020) (citing <u>Genentech, Inc. v. Abbott Labs.</u>, 127 F.R.D. 529, 531 (N.D. Cal. 1989). Plaintiffs do not argue that they will be greatly prejudiced by the delay and acknowledge that a sixty – ninety day continuance is appropriate given US Foods late entry into the case. Mot. a 4; <u>see also</u> Reply at 5. The Court does not find that an additional ninety days on top of that will unjustly prejudice Plaintiffs. While the Court acknowledges that this case has been pending for almost two years and that Plaintiffs are interested in a speedy resolution, the Court cannot ignore the late addition of a new party or deny the new party the appropriate time to prepare its defense where the party has been diligent in conducting discovery. Additionally, while the COVID-19 pandemic in and of itself is not a reason to stay discovery, the Court recognizes the very real impact of the pandemic especially as related to the medical community and the need in these cases for medical records and physical examinations.

Because the Court finds that US Foods and Cargill have been reasonably diligent and that the degree of prejudice to Plaintiffs is outweighed by that diligence, the Court finds that there was and is good cause for the six month continuance of pretrial deadlines and Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated:  7/27/2020

Hon. Barbara L. Major
United States Magistrate Judge

18cv1818-GPC(BLM)