UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., a New York Corporation; and CARGILL MEAT SOLUTIONS CORP., a Delaware Corporation,<br><br>         Defendants.<br><br>AND RELATED CASES. | Case No.: 3:18-cv-01818-GPC-BLM<br>Case No.: 3:19-cv-01903-GPC-BLM<br>Case No.: 3:19-cv-01904-GPC-BLM<br>Case No.: 3:19-cv-01905-GPC-BLM<br>Case No.: 3:19-cv-01907-GPC-BLM<br>Case No.: 3:19-cv-01908-GPC-BLM<br>Case No.: 3:19-cv-01909-GPC-BLM<br>Case No.: 3:19-cv-01917-GPC-BLM<br><br>**ORDER GRANTING MOTION TO FILE AMENDED COMPLAINTS**<br><br>**[ECF No. 161]** |

Before the Court is Plaintiff's Motion for Leave to File Amended Complaints in *Grano v. Sodexo Mgmt. Inc. et al.*, 3:18-CV-01818-GPC-BLM ("*Grano* matter"), the lead case, and in the seven related member cases.[1] ECF No. 161. On July 31, 2020, Sodexo Management, Inc. ("Sodexo") filed an opposition. ECF No. 173. Plaintiffs filed a reply. ECF No. 174. For the reasons that follow, the Court **GRANTS** the motion.

## I.     Factual Background

Plaintiffs sustained injuries from the same 2017 E. coli outbreak at Marine Corps Recruit Depot ("MCRD") and Edson Range at Camp Pendleton, California. These injuries included hemolytic uremic syndrome and permanent kidney injury and several Plaintiffs suffered seizures and were required to undergo total hip replacements. ECF No. 161-8 at 20. Plaintiffs bring strict liability and negligence claims against Sodexo and Cargill Meat Solutions Corp. for injuries caused by this outbreak.

Sodexo is a New York corporation that is responsible for providing food and facility management services for the United States Navy at both MCRD and Edson Range. ECF No. 37 ("SAC") ¶ 2. Cargill manufactures, distributes, and sells meat products to Sodexo. *Id.* ¶ 3. In the proposed amended complaints, Plaintiffs seek to add claims for punitive damages for both counts of strict liability and negligence.

Plaintiff Grano initiated the action in the lead case on August 3, 2018 (ECF No. 1) and Plaintiffs in all seven member cases initiated their actions on October 7, 2019.

---

[1] Unless otherwise noted, all ECF cites refer to the *Grano* matter. The member cases are *Anderson v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01903-GPC-BLM ("*Anderson* matter"); *Lader v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01908-GPC-BLM ("*Lader* matter"); *Baker v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01904-GPC-BLM ("*Baker* matter"); *Browning v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01905-GPC-BLM ("*Browning* matter"); *Abbott v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01917-GPC-BLM ("*Abbott* matter"); *Evers v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01907-GPC-BLM ("*Evers* matter"); *Miller v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01909-GPC-BLM ("*Miller* matter"). On March 18, 2020, the Court issued an Amended Consolidation Order, consolidating all eight cases for the purpose of all motion practice. ECF No. 88.

Plaintiff Grano filed a first amended complaint on September 19, 2018, *see* ECF No. 6, and on October 22, 2019, Plaintiff Grano filed a Second Amended Complaint ("SAC"), adding Cargill as a defendant on the basis that Cargill had sold to Sodexo the allegedly contaminated ground beef patties that give rise to Plaintiffs' claims. ECF No. 37 ¶ 34. On May 4, 2020, the Court granted Plaintiffs' motion to file amended complaints in all member cases in order to add US Foods as a Defendant, in response to Sodexo's decision to file third-party complaints against US Foods in the lead and member cases. ECF No. 126 at 14.[2]

On June 5, 2020, the Court ordered that Plaintiffs must file any motion for leave to amend and/or add claims on or before July 6, 2020. ECF No. 146. On July 6, 2020, Plaintiffs filed this instant motion.

## II.   Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay, (2) bad

---

[2] In this order, the Court also granted Sodexo's motion to file a third-party complaint against US Foods (ECF No. 71); denied Sodexo's motion to file a third-party complaint against Old Republic (ECF No. 72); denied Sodexo's motion to file a first supplemental cross-claim against Cargill (ECF No. 73); and granted in part and denied in part Plaintiffs' motion to sever all cross-claims (ECF No. 96). ECF No. 126.

3

faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs, LTD v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied.  *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999).

### III. Discussion

In the proposed amended complaints, Plaintiffs seek to add allegations regarding Sodexo's long-standing inaction in fixing known issues in its meat preparation process that exposed its consumers to severe risk.[3]  Defendants argue that Plaintiffs should not be permitted to amend to include these allegations because, even taking all of Plaintiffs' allegations as factually true, they fail to make a claim for punitive damages.

"Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998) (citing J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering a Rule 12(b)(6) motion)).

---

[3] In the proposed amended complaint in the lead case, the new allegations are included in Paragraphs 19-24, 29-38 and 59-60, 72-73.  ECF No. 161-7 at 293, Ex. U.  The proposed new allegations are substantially identical in the member cases.

4

Plaintiff brings claims for punitive damages under California Civil Code § 3294(a) which provides:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> . . .
>
> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

Cal. Civ. Code § 3294 (West).  Mere negligence, even gross negligence, is not sufficient to justify an award of punitive damages. *See Ebaugh v. Rabkin*, 22 Cal.App.3d 891 (Ct. App. 1972).  In products liability actions, litigants can be entitled to punitive damages under California law if they can show that manufacturers marketed their products with conscious disregard for human safety. *See Morris v. Parke, Davis & Co., A Div. of Warner-Lambert*, 573 F.Supp. 1324 (C.D. Cal. 1983).  California courts have repeatedly upheld the right of plaintiffs to recover punitive damages in products liability cases. *Id.* at 1326-27 (citing cases).  Nonintentional torts support punitive damages when the defendant's conduct "involves conscious disregard of the rights or safety of others." *Pfeifer v. John Crane, Inc.*, 220 Cal. App. 4th 1270, 1299 (2013), *as modified on denial of reh'g* (Nov. 27, 2013).  To establish "conscious disregard," and thus malice necessary for award of exemplary damages, a plaintiff must show that defendant was aware of probable dangerous consequences of his conduct and that he willfully and deliberately failed to avoid those consequences. *See Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48 (1994). Evidence suggesting that a manufacturer's actions may have been consistent with

industry practices does not necessarily preclude an award of punitive damages. *See Pfeifer*, 220 Cal. App. 4th at 1301.

Plaintiffs argue that, based on the new facts uncovered through documentary discovery and depositions, they have sufficiently alleged that Sodexo's "long-standing inaction" over the course of the 15-year period leading up to the 2017 outbreak amounts to a conscious disregard of a probable known danger. Defendants counter that Plaintiffs' allegations can only show negligent conduct on the part of Sodexo.

In *Romo*, plaintiffs brought a products liability and negligence action and sought punitive damages based on Ford Motor Company's failure to warn customers about the risks associated with one of its car models. The *Romo* court found that plaintiffs were not required to allege that any individual at Ford had the "requisite malicious state of mind" in order to obtain punitive damages since a "corporate defendant cannot shield itself from liability through layers of management committees and the sheer size of the management structure." *Romo v. Ford Motor Co.*, 99 Cal. App. 4th 1115, 1140-41 (2002), *cert. granted, judgment vacated*, 538 U.S. 1028 (2003), *aff'd*, 113 Cal. App. 4th 738 (2003). Rather, plaintiffs were only required to show "a clear and convincing inference that within the corporate hierarchy authorized persons acted despicably in willful and conscious disregard of the rights or safety of others." *Id.* The *Romo* court noted that the despicable conduct standard was met since it was obvious that "putting on the market a motor vehicle with a known propensity to roll over and, while giving the vehicle the appearance of sturdiness, consciously deciding not to provide adequate crush protection to properly belted passengers . . . constitutes despicable conduct. Such conduct could kill people." *Id.*

Sodexo argues that *Romo* is distinguishable since in *Romo*, the plaintiffs alleged that Ford "placed its own financial interests ahead of the safety of consumers" whereas here, Plaintiffs only bring allegations against Sodexo regarding "one day of 18 years

6

worth of food service." ECF No. 173 at 14.  However, Sodexo mischaracterizes Plaintiffs' arguments.  In fact, Plaintiffs seek to add in allegations to show Sodexo failed to undertake review processes of its meat cooking process over the course of a multi-year period, despite knowing the severe danger posed by undercooked beef and the unique vulnerability of the Marine recruit population.[4]  Plaintiffs point to depositions of Sodexo's employees showing that Sodexo's employees knew about the 1993 Jack in the Box outbreak from E. coli-contaminated hamburgers, which led to the deaths of multiple people.  ECF No. 161-8 at 5-6.  Plaintiffs allege this Jack in the Box outbreak served as the "impetus for change across many segments of the food service industry generally" but Sodexo failed to undertake reviews of its cooking process to ensure that the raw beef was being cooked sufficiently, and argue that Sodexo's failure to undertake the review of its meat cooking process—specifically, failure to address the mishandling of raw ground beef patties prior to cooking such that when they were placed on the grills they would be at different temperatures, failure to assure that final hamburger cook temperatures were consistently taken and recorded, and failure to assure that a safe combination of cook time and temperature was in use—amounts to conscious disregard of risk.  *Id.* At 6, 23; ECF No. 161-7, Ex. U ¶¶ 36-38.

While "reports of isolated or speculative injuries do not constitute generally accepted" knowledge, *Rosa v. Taser Int'l, Inc.*, 684 F.3d 941, 947 (9th Cir. 2012), here, Plaintiffs do not merely point to the general circulation of reports or isolated and speculative injuries, but instead allege that Sodexo employees and management officials had specific knowledge about the risks posed by undercooked beef and failed to review their meat-cooking processes over the course of a 15 to 17 year period.  Accordingly,

---

[4] ECF No. 161-7, Ex. U ¶¶ 19-24, 29-38, 59-60, 72-73.

Plaintiffs have sufficiently alleged that the risk was potentially "knowable." *Rosa*, 684 F.3d at 949 n.7.

Plaintiffs allege a long-standing pattern of inaction, which, if proven true, may show a conscious disregard of the rights or safety of others. While Defendants raise a number of counterarguments—including, issues with Plaintiffs' cited evidence and factual allegations regarding Sodexo's positive food safety records and implementation of safety measures—ultimately here, "[t]he questions is not whether the conduct, if it occurred, was despicable, the question is whether there is sufficient evidence from which a rational trier of fact could find that the knowing conduct occurred." *Romo*, 99 Cal. App. 4th at 1141. At this juncture, the Court's task is not to award or ascertain whether punitive damages are warranted, but only to consider whether no set of facts can be proved under the proposed amended pleadings that would constitute a valid and sufficient claim for punitive damages. Considering this liberal standard and the fact that this is Plaintiffs' first attempt to make substantive changes to their pleadings based on newly-discovered documentary and deposition evidence, the Court **GRANTS** Plaintiff's motion to amend the complaints.

## IV. Conclusion

The Court GRANTS Plaintiff's motion to file amended complaints in the lead and member cases. Plaintiffs must do so within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated: August 18, 2020

Hon. Gonzalo P. Curiel
United States District Judge