UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., et al.,<br><br>  Defendants.<br><br>AND RELATED CASES | Case Nos.: 18cv1818-TWR(BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CARGILL'S MOTION TO COMPEL**<br><br>**[ECF Nos. 375, 377]** |

Currently before the Court are letter briefs dated September 29, 2021, from Plaintiffs and Defendant Cargill Meat Solutions Corp. ECF Nos. 377 ("Pl.s' Mot."), 375 ("Cargill Mot."). For the reasons set forth below, Cargill's request to compel further response from Plaintiffs is **GRANTED IN PART AND DENIED IN PART**.

**RELEVANT BACKGROUND**

On July 19, 2021, Cargill filed a motion in limine to exclude a preliminary CDC report and a related case-control study. ECF No. 337. Plaintiffs opposed the motion on September 21, 2021. ECF No. 364. The exhibits to the opposition include declarations from Amelia Keaton, M.D., Medical Officer at the CDC, who was part of the 2017 CDC outbreak investigation and co-authored the preliminary CDC trip report [see ECF No. 364-2] and Captain Jennifer Espiritu, a Navy physician who assisted the CDC with its 2017 outbreak investigation [see ECF No. 364-5]. Cargill Mot. at 2-3. The declarations provide additional information about the investigations of the outbreak and their involvement in those investigations. Id.; see also ECF No. 377-2.

On December 18, 2020, Cargill served Plaintiffs with its First Set of Interrogatories and First Set of Requests for Production ("RFP") which included: "REQUEST NO. 3: All documents

You received or obtained related to this litigation in response to Your requests to third parties, whether via subpoena, Freedom of Information Request, letter request, or any other formal or informal request" and "REQUEST NO. 4: All documents and communications related to any governmental or private organization's investigation into the source of the E. coli Outbreak." Cargill's Mot. at 3; see also ECF No. 377-3 at 1. Plaintiffs responded to the requests and later supplemented those responses. Cargill's Mot. at 3-4. On September 22, 2021, Cargill wrote to Plaintiffs' counsel and requested that they further supplement their responses to RFP Nos. 3 and 4 with underlying communications related to the declarations obtained from Drs. Keaton and Espiritu. Id. at 4. Plaintiffs declined to do so and after meeting and conferring on the issue the parties were unable to come to a resolution.

On September 24, 2021, counsel for Defendant Cargill, Mr. Bylund and Ms. Akalaonu, and counsel for Plaintiffs, Mr. Falkenstein, jointly contacted the Court regarding this discovery dispute. ECF No. 371. That same day, the Court ordered the parties to file letter briefs not to exceed ten (10) pages in length by close of business on September 29, 2021. Id. The parties timely filed their briefs in accordance with the Court's order. Pl.s' Mot., Cargill Mot.

## **LEGAL STANDARD**

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed

discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

**CARGILL'S POSITION**

Cargill seeks an order from the Court requiring Plaintiffs to supplement their production of documents. Cargill Mot. at 1. Specifically, Cargill seeks

> 1) Plaintiffs' written emails, requests, and correspondence to the CDC and to the Navy seeking testimony and declarations from Keaton and Espiritu, as well as the written responses they received from these agencies as to those requests;
>
> 2) All emails, correspondence, and written communications between Plaintiffs' counsel and the CDC, the Navy, Keaton, and/or Espiritu related to the drafting, revising, editing, finalizing, and signing of the Keaton declaration and the Espiritu declaration including any drafts, notes, comments, etc.;
>
> 3) Plaintiffs' emails and written correspondence (this includes Plaintiffs' counsel and Plaintiffs' representatives, including any of their experts, which includes Dr. Kirk Smith) with the CDC, including the Office of General Counsel, the Director (or her representative), and Dr. Keaton related to this litigation, and
>
> 4) Plaintiffs' emails and written correspondence (this includes Plaintiffs' counsel and Plaintiffs' representatives, including any of their experts) with the Navy, including with Rob Anselm (Legal Counsel – Naval Medical Forces Atlantic), Office of the Judge Advocate General, the General Litigation Division (including with Ann T. Oakes, Nathaniel A. Bosiak, and/or Virginia Hinton, the Director of the General Litigation Division (or his representative), and Captain Espiritu.

Id. at 10.

Cargill argues that Plaintiffs' underlying communications with the CDC and the Navy are subject to the Freedom of Information Act ("FOIA") and are not protected by the attorney work-product doctrine. Id. at 5. Cargill also argues that even if attorney work-product applied, it has been waived. Id. at 6-7. Finally, Cargill argues that it has a substantial need for the underlying communications and cannot obtain the communications by other means without undue hardship. Id. at 7-8.

///

**PLAINTIFFS' POSITION**

Plaintiffs contend that the information Cargill seeks is not responsive to the overbroad requests contained in RFP Nos. 3 and 4. Pl.s' Mot. at 3-4. Plaintiffs further contend that (1) the materials Cargill seeks "are squarely within the work-product privilege[;]" (2) Cargill has not established the requisite need to overcome the privilege since Cargill has the same access to the information and witnesses; (3) the requested information is not relevant to the pending litigation; and (4) Drs. Keaton and Espiritu's status as federal employees does not change the analysis. Id. at 4-9. Plaintiffs also note that they have not sought and received the same information from Cargill, and they are not attempting to delay the case to prevent Cargill from using the requested materials in their reply briefs on the pending dispositive motions Id.

**DISCUSSION**

A. Applicable Law

As an initial matter, the parties disagree about whether California state law or Federal law governs this dispute. Cargill argues that "[g]iven that issues concerning the work-product doctrine are procedural, the discovery dispute here is governed by the Federal Rule of Civil Procedure 26(b)(3)." Cargill Mot. at 6 (citing Great Am. Assur. Co. v. Liberty Surplus Ins. Corp., 669 F. Supp. 2d 1084, 1090 (N.D. Cal. 2009) (citing Bozzuto v. Cox, 255 F.R.D. 673, 677 (C.D.Cal.2009)). Plaintiffs contend that the state of California's work-product doctrine governs the dispute, but also assert that the result is the same whether the Court uses the federal framework for discovery or California's. Pl.s' Mot. at 5.

"Federal law governs the application of the work product doctrine." United Specialty Insurance Company v. Dorn Homes Inc., 334 F.R.D. 542, 544 (D. Ariz. 2020); see also Anderson v. SeaWorld Parks and Entertainment, Inc., 329 F.R.D. 628, 635 (N.D. Cal. 2019) ("Unlike the attorney-client privilege, the application of the work product doctrine in diversity of citizenship cases is determined under federal law.") (quoting Kandel v. Brother Int'l Corp., 683 F.Supp.2d 1076, 1083 (C.D. Cal. 2010)) and McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc., 333 F.R.D. 638, 641 (D. Or. 2019) ("In federal court, the work-product doctrine is governed by federal law, even in diversity cases."). Accordingly, the Court will evaluate the parties' work

product claims under federal law.

The work-product doctrine is codified in Fed. R. Civ. P. 26(b)(3)(A). The work-product doctrine "is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." Id. (quoting Admiral Ins. Co. v. United States Dist. Court for the Dist. of Arizona, 881 F.2d 1486, 1494 (9th Cir. 1989) (citing Fed. R. Civ. P. 26(b)(3))). "[A] party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Nevertheless, those materials may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Id. However, even when substantial need for work product has been shown, the court must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Mental impressions, conclusions, opinions, and legal theories of a party's attorney or other representative are known as opinion work product which is discoverable only if it is "*at issue* in the case and the need for the material is compelling." S.E.C. v. Roberts, 254 F.R.D. 371, 375 (N.D. Cal. 2008) (citing Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir. 1992) ("[a] party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product.") (emphasis in original).

The work product doctrine does not protect materials assembled in the ordinary course of business. Rather, the primary motivating purpose behind the creation of the materials must be as an aid in possible future litigation. See Griffith v. Davis, 161 F.R.D. 687, 698-699 (C.D. Cal. 1995) (citations omitted). That is, work product protection applies only to material "that would not have been generated but for the pendency or imminence of litigation." See id. (citing Kelly v. City of San Jose, 114 F.R.D. 653, 659 (N.D. Cal. 1987)). Further, "a mere allegation that

the work product rule applies is insufficient to invoke its protection." Medina v. County of San Diego, 2014 WL 4793026, *17 (S.D. Cal., Sept. 25, 2014) (citation omitted).

B.  Requests for Production Nos. 3 and 4

Since the discovery period has ended, the first inquiry is whether the documents Cargill seeks are covered by a prior discovery request. Cargill asserts that all of the requests are covered by RFP Nos. 3 and 4. The Court disagrees.

RFP No. 3 seeks "[a]ll documents You received or obtained related to this litigation in response to Your requests to third parties, whether via subpoena, Freedom of Information Request, letter request, or any other formal or informal request." Cargill's Mot. at 3. The four categories of documents Cargill currently seeks to compel focus on emails, correspondence, and written communications. Id. at 10. RFP No. 3 does not seek emails or correspondence and instead, specifically seeks *documents that were received or obtained*. Plaintiffs state that they already have produced all documents received in response to their FOIA requests and subpoenas. Pl.s' Mot. at 3. As a result, the Court finds that the materials described in Cargill's four categories are not covered by RFP No. 3.

The information Cargill seeks is partially responsive to RFP No. 4 which seeks "[a]ll documents and communications related to any governmental or private organization's investigation into the source of the E. coli Outbreak." Cargill Mot. at 3. To the extent the declarations and testimony Cargill is seeking in the first two categories of documents relate to the investigation into the source of the outbreak, they are responsive to RFP No. 4. The documents and communications described in categories three and four are overbroad and not limited to the investigation into the source of the outbreak. Request three seeks information related to "this litigation" and request four seeks all communications, unlimited in any way. Id. at 10. As a result, these requests are not covered by RFP No. 4.

C.  Relevance

Plaintiffs assert that their "communications arranging meetings and requesting permission" are not relevant to any party's claims or defenses and are not proportional to the needs of the case because Cargill has equal access to the information and witnesses. Pl.s' Mot.

at 4. Cargill responds that the requested communications are relevant, but their argument focuses on communications related to the drafting of the declarations, not coordination communications. Cargill Mot. at 8-9. Cargill explains that Plaintiffs' counsel drafted the declarations and Plaintiffs are relying on the declarations to support critical arguments so all correspondence and drafts relating to the creation of the final declarations, including what documents and information were shared with the declarants, are relevant to the pending motions. Id.

The Court finds that communications regarding logistics, such as arranging meetings, are not relevant to the current dispute. On the other hand, requests for testimony, declarations and/or documents and the responses thereto, any limitations placed on the testimony or cooperation of the declarants, and communications relating to the information and documents provided to the declarants and the drafting of the declarations are relevant. As discussed in section B, the Court also finds that Cargill's third and fourth requests are overbroad and seek irrelevant information as they seek all communications between Plaintiffs, Plaintiffs' counsel, and Plaintiffs' experts with the CDC related to this litigation and with the Navy on any topic.

D.  Attorney Work Product

Plaintiffs assert that all of the requested information and communications are protected by the attorney work product privilege. Pl.s' Mot. at 4-7. Cargill counters that the information is not protected and, even if it was, the protection has been waived and/or Cargill has a substantial need for the information. Cargill Mot. at 5-9.

The first category of information Cargill seeks includes Plaintiffs' written emails, requests, and correspondence to the CDC and to the Navy seeking testimony and declarations from Drs. Keaton and Espiritu and the written responses they received. Cargill Mot. at 10. To the extent this category seeks communications requesting permission to obtain documents, a declaration and/or testimony from Drs. Keaton or Espiritu and the responses to those requests, such as any limitations placed on the scope of the declarations and/or testimony, the category does not seek information protected under attorney work-product doctrine. Even if the information is protected by the attorney work product doctrine, for the reasons set forth in section E, Plaintiffs

have waived that protection. To the extent the first request seeks correspondence regarding the drafting or content of the declarations, the request must be analyzed with the requests set forth in the remaining categories of documents.

The second, third and fourth categories of information seek correspondence (1) related to the "drafting, revising, editing, finalizing, and signing of the Keaton declaration and the Espiritu declaration" along with any notes, drafts, or comments, (2) between Plaintiffs and the CDC related to this litigation, and (3) between Plaintiffs and the Navy. Cargill Mot. at 10. To the extent these categories are not overbroad and seek relevant information, they seek attorney work product. Draft affidavits and communications with counsel about those affidavits are attorney work product. See Schoenmann v. Federal Deposit Ins. Corp., 7 F.Supp.3d 1009, 1014 (N.D. Cal. 2014) ("With respect to the email communications between Ms. Ho and the Trustee and Ms. Ho and the Trustee's attorney, as well as the draft declarations attached and exchanged during those such communications, the Court finds that these materials constitute work product and are protected from disclosure.") (citing Inst. for Dev. of Earth Awareness v. PETA, 272 F.R.D. 124, 125 (S.D. N.Y. 2011) (finding that draft affidavits of non-party witnesses prepared by defense counsel were work product and denying the plaintiff's motion to compel production of the drafts); In re Convergent Tech. Second Half 1984 Sec. Litig., 122 F.R.D. 555, 559–64 (N.D. Cal. 1988); Tuttle v. Tyco Eelc. Installation Servs., Inc., 207 WL 4561530, at *2 (S.D. Ohio Dec. 21, 2007) ("[T]he work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit.") and Randleman v. Fidelity Nat'l Title Ins. Co., 251 F.R.D. 281, 285 (N.D. Ohio 2008) (finding draft affidavits and counsel correspondence are protected work product).[1]

---

[1] See also Domingo v. Donahoe, 2013 WL 4040091, at *7 (N.D. Cal., Aug. 7, 2013) ("a draft declaration is likely to contain an attorney's mental impressions and legal strategies.") (citing Ideal Elec. Co. v. Flowserve Corp., 230 F.R.D. 603, 608 (D. Nev. 2005)); see Wright & Miller, Federal Practice & Procedure § 2024 n. 23 ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule.") (citing Randleman, 251 F.R.D. at 284–86).

The attorney work product protection extends to counsel's communications and the responses from Drs. Keaton and Espiritu regarding the litigation and draft declarations. See Gerber v. Down East Community Hosp., 266 F.R.D. 29, 33 (D. Me. 2010) ("I conclude that the attorney work-product privilege extends to the e-mail correspondence between Plaintiffs' counsel and potential witnesses because, like a short-hand or stenographic recording of a witness statement or interview, the e-mail interview was produced by counsel for litigation purposes and the participation by a witness in an e-mail interview is comparable to participation by a witness in a recorded oral interview or the creation of a written statement. The fact that the witness authors a portion of the e-mail correspondence chain and likely retains a copy of the correspondence does not undermine the privilege."). In addition, Plaintiffs' counsels' notes and comments are opinion work product as they contain counsels' mental impressions, conclusions, opinions, or legal theories. See Christensen v. Goodman Distribution Inc., 2020 WL 4042938, at *3 (E.D. Cal., July 17, 2020) ("Interview notes and summaries or memorandum of witness statements drafted by counsel are considered protected opinion work product.") (citing Hatamian v. Advanced Micro Devices, Inc., 2016 WL 2606830, at *2-3 (N.D. Cal. May 6, 2016) (citing Upjohn Co. v. United States, 449 U.S. 383, 400 (1981)); see also S.E.C. v. Berry, 2011 WL 825742, at *3 (N.D. Cal., Mar. 7, 2011) ("it is also quite clear that an attorney's notes or memoranda of an interview are often considered to be "classic attorney work product.") (citations omitted). Notably, Cargill does not provide any legal authority for its position that the draft declarations and communications regarding the same are not protected by the attorney work product.[2] See Cargill Mot.

E. Waiver

The protection afforded by the attorney work product doctrine is not absolute. See United

---

[2] Cargill argues, without persuasive legal authority, that the correspondence and drafts are not protected by the attorney work product doctrine because they are discoverable from the Navy and CDC via the FOIA process. Cargill Mot. at 5-6. If Cargill's argument is correct, Cargill will obtain the information as part of its pending FOIA requests.

States v. Sanmina Corporation, 968 F.3d 1107, 1119 (9th Cir. 2020) (citing United States v. Nobles, 422 U.S. 225, 237–38 (1975)).  Because it is a qualified privilege, it may be waived.  Id.  Since the Court has found that the information sought by Cargill in categories two through four[3] are protected by the attorney work product doctrine, the Court must now determine whether Plaintiffs have waived that protection.  Cargill bears the burden of showing that Plaintiffs have waived the attorney work product protection.  See McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc., 333 F.R.D. 638, 641 (D. Or. 2019) (holding that "the party asserting waiver of work-product protection bears the burden of demonstrating that a waiver of that protection has occurred" and noting that the question of who bears the burden of proving waiver or non-waiver has not been decided by the Ninth Circuit, but that the Fifth Circuit and "other out-of-circuit district courts have placed the burden on the party asserting waiver of work-product protection"[4]).

To satisfy its burden, Cargill argues that by engaging in communications with federal agencies that are subject to FOIA requests, Plaintiffs have "substantially increased the opportunity for Cargill, an adverse party, to obtain the content and information within these communications."  Cargill's Mot. at 7.  Cargill emphasizes that Plaintiffs used the protected materials as evidence to support their opposition to Cargill's motion in limine and in Plaintiffs' withdrawn motion to reopen and extend expert deadlines.  Id.  Cargill argues that Plaintiffs' use

---

[3] As discussed in section D, the first category potentially includes correspondence regarding the drafting or content of the declarations and that correspondence is protected by the attorney work product doctrine and included in this this analysis.

[4] Citing Pipeline Productions, Inc. v. The Madison Companies, LLC, 2019 WL 3973955, *4 (D. Kan. Aug. 22, 2019) ("Once the party objecting to discovery establishes that the materials are protected work product, the burden shifts to the party asserting waiver to establish that a waiver has occurred."); Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co., 284 F. Supp. 3d 889, 899 (N.D. Ill. 2018) ("Where work product is claimed, the party asserting waiver has the burden to show that a waiver occurred."); United States Sec. & Exch. Comm'n v. Herrera, 324 F.R.D. 258, 262 (S.D. Fla. 2017) (stating that after the party asserting work-product protection meets its initial burden, "the burden shifts to the party asserting waiver"); Mir v. L-3 Commc'ns Integrated Sys., L.P., 315 F.R.D. 460, 467 (N.D. Tex. 2016) ("Unlike the attorney-client privilege, the burden of proving waiver of work product immunity falls on the party asserting waiver.").

of the protected materials "to try and gain a tactical advantage in the litigation" constitutes waiver. Id.

With respect to the first category of information Cargill seeks, any protection afforded by the attorney work product doctrine has been waived by Plaintiffs. "Work-product protection is typically waived by a party's voluntary disclosure of the information." Citizens Development Corporation, Inc. v. County of San Diego, 2019 WL 172469, at *12 (S.D. Cal., Jan. 11, 2019) (citing Nobles, 422 U.S. at 230). However, "disclosure of attorney work product to a third party does not waive protection 'unless it has substantially increased the opportunity for the adverse party to obtain the information.'" McKenzie Law Firm, P.A., 333 F.R.D. at 647 (quoting Anderson, 2019 WL 131841 at *4). Here, Plaintiffs disclosed at least some of their correspondence with the Navy seeking testimony and declarations from Dr. Espiritu as well as the written response they received from the Navy as to those requests. ECF No. 350. Specifically, as part of their since withdrawn motion to extend expert deadlines, Plaintiffs discussed their correspondence on this topic and attached copies of the correspondence as exhibits to the motion. Id. at 4-5, Exhs. D-H. By disclosing this information on the docket, Plaintiffs "substantially increased the opportunity for [Cargill] to obtain the information."[5] McKenzie Law Firm, 333 F.R.D. at 647.

With respect to the remaining three categories of information, Cargill has not satisfied its burden of demonstrating waiver and the Court finds that Plaintiffs have not waived the attorney work product protection. Cargill argues, again without persuasive legal authority, that by engaging in communications with government agencies subject to FOIA, Plaintiffs waived any work product protection because they "substantially increased the opportunity for Cargill, an adverse party, to obtain the content and information within these communications through FOIA requests." Cargill's Mot. at 7. Simply stating that the desired materials are subject to FOIA and will be produced is not sufficient for the Court to find that Plaintiffs have waived the work product protection, especially since Cargill voluntarily (and perhaps tactically) delayed its own efforts to

---

[5] It is unclear if there is additional correspondence between the Navy and Plaintiffs seeking testimony from Dr. Espiritu, but in any event, the correspondence is discoverable because, as stated in section D, the Court finds that this correspondence is not attorney work product.

obtain interviews from Drs. Keaton and Espiritu.  The current record does not support Cargill's position that all of the requested information is obtainable via a FOIA request and that, therefore, Plaintiffs' communications substantially increased the opportunity for Cargill to obtain the information.  In any event, if Cargill is correct, it will obtain the requested information in the near future pursuant to its own FOIA requests.

Finally, the fact that Plaintiffs filed the declarations in support of various pleadings does not automatically waive the attorney work product protection for the drafts and correspondence leading up to the final declaration.  See In re Intuitive Surgical Securities Litigation, 2017 WL 5054404, at *3 (N.D. Cal., Apr. 10, 2017) ("To the extent defendants suggest that the submission of the investigators' declarations and memos in court filings effected a broad subject matter waiver of any work product protection applicable to communications with Endweiss, their argument is rejected. The determination whether there has been any waiver is rooted in principles of fairness."); see also Huguely v. Clarke, 2021 WL 537238, at *3 n1. (W.D. Va., Feb. 15, 2021, No. 7:20CV30021) ("The court also finds that Huguely has not waived work-product protection for the earlier declaration by submitting and relying upon a final version in the habeas proceedings.") (citing ePlus Inc. v. ;Lawson Software, Inc., 2012 WL 6562735, *6 (E.D. Va. Dec. 12. 2021) ("Of course, the production of the final draft of the document waives work product protection as to that draft. Nevertheless, this does not lead to waiver of work product protection for earlier drafts."); Inst. for Dev. of Earth Awareness, 272 F.R.D. at 125 ("The lawyer's drafts, which have not been adopted or executed by the non-party witness, do not lose their character as work product because a final executed version has been affirmatively used in the litigation."); and Randleman, 251 F.R.D. at 286 ("Fidelity's filing of the affidavits with the court did not waive the work product doctrine's protection of earlier material.").  Here, the Court finds that Plaintiffs have not waived the attorney work product protection as to drafts of the Keaton and Espiritu declarations and related communications by filing the final version of the declarations.

F.   Discoverability Despite Attorney Work Product Protection & Lack of Waiver

Fact (non-opinion) work product may be discovered if "(i) [it is] otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to

prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Here, Cargill has not satisfied the second part of that test. Throughout this case, Cargill had the same opportunity to engage with the CDC and Navy to obtain documents and interviews as Plaintiffs. Cargill's decision to forego the interview process until now does not create a substantial need. See Schoenmann, 7 F.Supp.3d at 1014 (denying defendant's motion to compel email communications and draft declarations between plaintiff, her lawyer, and a non-party witness and finding that "[t]he Trustee identified Ms. Ho in her initial disclosures and the FDIC–Receiver had the opportunity to depose Ms. Ho to investigate any relevant information she may possess with respect to the Trustee's claims or its defenses. Its decision not to pursue such discovery does not create substantial need under Rule 26(b)(3)(A)(ii)"). Additionally, Cargill has not shown undue hardship in obtaining the information it seeks as the FOIA requests have already been submitted [see Cargill Mot. at 9], the reply deadlines set by Judge Robinson have been continued [see ECF No. 374], and Cargill currently is "going through the same CDC witness interview process that Plaintiffs did." Pl.s' Mot. at 7.

Opinion work product is treated differently. "[T]he work-product doctrine affords special or heightened protection to materials that reveal an attorney's mental impressions or opinions." McKenzie Law Firm, P.A., 333 F.R.D. at 641. While fact work product is discoverable upon a showing of substantial need and undue hardship, opinion work product "is discoverable only 'when mental impressions are at issue in a case and the need for the material is compelling.'" Id. (quoting Holmgren, 976 F.2d at 577; see also U.S. ex rel. Bagley v. TRW, Inc., 212 F.R.D. 554, 559 (C.D. Cal. 2003) ("[a]bsent a waiver, opinion work product enjoys nearly absolute protection and is discoverable only in 'rare and extraordinary circumstances,' while ordinary work product is discoverable upon a showing of "substantial need' and 'undue hardship.'") (quoting United States ex rel. Burroughs v. DeNardi Corp., 167 F.R.D. 680, 683–684 (S.D. Cal. 1996)). Cargill has not demonstrated that the heightened protection given to opinion work product should be set aside. Cargill argues that the materials it seeks are relevant and discoverable and that it has a substantial need for the materials that it cannot obtain without undue hardship, but does not argue that mental impressions are at issue or demonstrate that the need for the

material is compelling.  Cargill Mot.  For the same reasons Cargill has failed to demonstrate a substantial need and undue hardship for Plaintiffs' fact work product, Cargill has failed to demonstrate a compelling need for Plaintiffs' opinion work product.  Cargill's reply deadlines to the motions pending in front of Judge Robinson have been continued to November 22, 2021. ECF No. 374.  Cargill submitted its FOIA request to the CDC on September 21, 2021, and was in the process of preparing one for the Navy as of the filing of its letter brief on September 29, 2021.  Cargill's Mot. at 9.  If as Cargill argues, the desired information will be obtained via its FOIA requests, there is no compelling need for the information from Plaintiffs.

## CONCLUSION

Cargill's motion to compel further response from Plaintiffs is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Cargill's motion to compel "Plaintiffs' written emails, requests, and correspondence to the CDC and to the Navy seeking testimony and declarations from Keaton and Espiritu, as well as the written responses they received from these agencies as to those requests" is **GRANTED** to the extent the emails, requests, and correspondence are not merely procedural (arranging meetings) and do not include drafts of the declarations.  Plaintiffs must produce the requested information to Cargill on or before **October 19, 2021**.

2. Cargill's motion to compel further response to categories 2-4 [see Cargill's Mot. at 10] is **DENIED**.  Requests 3 and 4 are overbroad and seek irrelevant information.  To the extent requests 2-4 seek relevant information, the information and correspondence is protected by the attorney work product doctrine and Cargill has not established waiver, substantial need and undue hardship, or compelling need.

**IT IS SO ORDERED**.

Dated: 10/12/2021

Hon. Barbara L. Major
United States Magistrate Judge