UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRANO, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SODEXO MANAGEMENT, INC., et al.,<br><br>　　　　　　　　Defendants.<br><br>AND ALL RELATED CASES | Case No.: 3:18-cv-1818-RSH-BLM<br><br>**ORDER PARTIALLY GRANTING AND DENYING PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**[ECF Nos. 333, 335, 354, & 366]** |

There have been four motions for leave to file documents under seal pending in this case for nearly a year. The motions to seal all relate to summary judgment motion briefing. The Court addresses each motion to seal separately below, granting and denying the motions in part.

### I. Legal Standard

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

1

1  To overcome this strong presumption and seal a judicial record related to a
2  dispositive motion, a party must articulate "compelling reasons supported by specific
3  factual findings that outweigh the general history of access and the public policies favoring
4  disclosure, such as the public interest in understanding the judicial
5  process." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citations
6  omitted).[1] Compelling reasons "exist when such 'court files might have become a vehicle
7  for improper purposes,' such as the use of records to gratify private spite, promote public
8  scandal, circulate libelous statements, or release trade secrets." *Id.* at
9  1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may
10 lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
11 without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).
12 Once a party articulates their compelling reasons, courts must then "conscientiously
13 balance[] the competing interests of the public and the party who seeks to keep certain
14 judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

15 However, even if it may be appropriate to seal a document in its entirety, a party
16 should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a
17 preference for redactions so long as they "have the virtue of being limited and clear");
18 *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410, 2012 WL 1497489 at *2–3 (N.D. Cal. Apr.
19 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential
20 information). *See also* Chambers Civ. Proc. § VIII (Protective Orders and Requests to File
21 Under Seal).

22 As further explained in this Order, the Parties have articulated common bases for
23 requesting that the Court seal certain records, including trade secrets, proprietary business

---

26 [1] "[A] particularized showing under the good cause standard of [Federal Rule of Civil
27 Procedure 26(c)] will suffice to warrant preserving the secrecy of sealed discovery material
   attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 (internal quotation
28 marks and citations omitted).

information, and confidentiality designations under the Court's December 6, 2019, Amended Protective Order, ECF No. 55. Accordingly, the Court addresses the legal standard for sealing court records as applied to each of these categories of material below.

### A. Trade Secrets

Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") grants trial courts broad discretion to seal court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *see Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.") (quoting *Nixon*, 435 U.S. at 598). In the Ninth Circuit, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b (Am. L. Inst. 1939)).

### B. Proprietary Business Information

Courts may also justify sealing court filings to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing district court order not to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" from licensing agreements). Nevertheless, "[a]n unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (quoting *Hodges v. Apple, Inc.*, No. 13–cv–01128, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)). See *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021) (holding that "generalized statement that exposure of 'commercially sensitive business information would allow potential

competitors to gain insight into . . . operations and business relationships such that its business could be significantly and irreparable harmed' fails to satisfy the compelling reasons standard.").

As such, courts will seal records containing detailed confidential business information where the parties articulate a concrete, non-speculative harm. *Compare FTC v. Qualcomm Inc.*, No. 17–CV–220, 2019 WL 95922, at *2–3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling reasons standard where records "contain[ed] detailed, non-public and confidential . . . information" regarding "commercial negotiations and agreements with customers, [] competitive strategy, and [] research and development activities"), *with Ochoa*, 2015 WL 3545921, at *1–2 (declining to seal "franchise agreements" because supporting declaration "simply sa[id] that the documents 'contain confidential and proprietary business information, including financial terms' that if disclosed 'may be exploited by competitors.'"), *and Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV01846, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed.").

Additionally, the fact that parties contract or agree to treat certain information or material as confidential is an insufficient basis in and of itself for a court to seal a judicial record and override the public's interest in understanding the judicial process. *See, e.g.*, *Rumble, Inc. v. Daily Mail & Gen. Tr. PLC*, No. CV 19-08420, 2020 WL 6154061, at *1 (C.D. Cal. Feb. 11, 2020) ("[T]he fact that the parties agreed to keep their agreement confidential is not a compelling enough reason to shield the public from its terms."); *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11-cv-1319, 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal").

/ / /

/ / /

C. <u>Protective Orders</u>

"A blanket protective order is not itself sufficient to show 'good cause' for sealing particular documents." *Millennium Lab'ys, Inc. v. Darwin Select Ins. Co.*, No. 3:14-cv-00295, 2015 WL 2452472, at *2 (S.D. Cal. May 20, 2015). "Such blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). As such, a party must still make a "particularized showing" to meet the "compelling reasons" standard to seal discovery material attached to dispositive motions, even if that discovery material is already subject to a preexisting protective order. *Kamakana*, 447 F.3d at 1180. Indeed, the Amended Protective Order in this case requires that all parties "must seek permission of the Court to file the material under seal. A sealing order may issue only upon a showing that the information is privileged or protectable under the law." ECF No. 52-1 at 7.

## II. Analysis

A. <u>Motion to Seal, ECF No. 333</u>

Sodexo Management, Inc. ("Sodexo"), filed its Motion for Leave to File Documents Under Seal on July 16, 2021. ECF No. 333. Sodexo asks the Court to seal 11 records related to Sodexo's Motion for Partial Summary Judgment regarding Punitive Damages [ECF No. 343] "to prevent public disclosure of sensitive, proprietary information, and trade secrets." ECF No. 333 at 2. In support, Sodexo claims the documents were produced as "confidential" under the Amended Protective Order [ECF No. 52-1] and include "extensive proprietary business information that is confidential in nature, including policy and procedure, safety control processes, and other internal information related to Sodexo's business operations." ECF No. 333 at 2. No party filed opposition to sealing these documents. The Court addresses each specific document in the table below:

/ / /

/ / /

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 12 (CMS00007704-05, 7723), ECF No. 334-1 | Three-page excerpt from a 2008 Subcontract Agreement between Sodexo Management, Inc., and Cargill Meat Solutions Corp. for provision of food supplies and services. | **Denied.** The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Sodexo has not provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Exhibit No. 13 (CMS00000001-2, 6), ECF No. 334-2 | Three-page excerpt from a 2015 Master Supply Agreement by and between Sodexo Operations, LLC, and Cargill, Inc., and Cargill Limited. | **Denied.** The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Sodexo has not provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 14 (SDX000059-137), ECF No. 334-3 | 79 pages from Sodexo's HACCP / Food Safety Program materials. | **Granted.** Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |
| Exhibit No. 15 (SDX009611-34), ECF No. 334-4 | 24 pages of Sodexo's Training Rosters and internal training related material dated March 2017. | **Denied** as to SDX009611-22 but **granted** as to SDX009623-34. There are compelling reasons to seal portions of this document because it contains proprietary business information related to Sodexo's operations. The rest of this document contains only names and signatures of training session attendees, which Sodexo has provided no particularized factual showing to justify sealing. |
| Exhibit No. 16 (SDX010030-48), ECF No. 334-5 | 19 pages of Sodexo's Training Rosters and internal training related material dated September 2017. | **Denied** as to SDX010030-41 but **granted** as to SDX010042-48. There are compelling reasons to seal portions of this document because it contains proprietary business information related to Sodexo's operations. The rest of this document contains only names and signatures of training session attendees, which Sodexo has provided no particularized factual showing to justify sealing. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 17 (SDX009795-9825), ECF No. 334-6 | 31 pages of Sodexo's Training Rosters and internal training related material dated November 2017. | **Denied** as to SDX009795, SDX009814, and SDX009824, but **granted** as to the remainder of Exhibit 17. There are compelling reasons to seal portions of this document because it contains proprietary business information related to Sodexo's operations. The rest of this document contains only names and signatures of training session attendees, which Sodexo has provided no particularized factual showing to justify sealing. |
| Exhibit No. 18 (SDX010049-76), ECF No. 334-7 | 28 pages of Sodexo's "FoodSafety Walk the Talk" internal training material. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |
| Exhibit No. 19 (SDX012320-21), ECF No. 334-8 | Sodexo's two-page internal "New Hire – Two Step Food Training Program Training Roster." | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 20 (SDX021139-72), ECF No. 334-9 | Sodexo's 34-page slide presentation on "Food Safety and USMC" dated July 2017. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |
| Exhibit No. 21 (SDX021954-57), ECF No. 334-10 | Sodexo's four-page "Ground Beef Policy" dated January 1, 2012, revised April 24, 2013. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |
| Exhibit No. 22 (SDX025121-25), ECF No. 334-11 | Five pages of Sodexo's Training Rosters. | **Denied**. This document contains only the names and signatures of training session attendees, which Sodexo has provided no particularized factual showing to justify sealing. |

B.   <u>Motion to Seal, ECF No. 335</u>

Sodexo and Cargill Meat Solutions, Corp. ("Cargill"), filed their Motion for Leave to File Documents Under Seal on July 16, 2021. ECF No. 335. The Movants ask the Court to seal four records related to Sodexo's Motion for Partial Summary Judgment regarding Punitive Damages [ECF No. 343] and Cargill's Motion for Summary Judgment on Sodexo's Cross-Claim [ECF No. 342] "to prevent public disclosure of sensitive, proprietary information and trade secrets." ECF No. 335 at 3. In support, the Movants claim the documents were produced as "confidential" under the Amended Protective Order [ECF No. 52-1]; include "extensive proprietary business information that is confidential in nature, including pricing information and allowances for various Cargill products supplied to Sodexo and other specific terms, conditions, and provisions specifically negotiated

between the parties"; and that it "would be commercially detrimental for both Cargill and Sodexo in their business relationships with current and future customers for these contracts to be filed publicly . . . ." ECF No. 335 at 3. No party filed opposition to sealing these documents. The Court addresses each specific document in the table below:

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 1 (CMS00000002-37), ECF No. 336 at 1-38 | 37-page 2015 Master Supply Agreement by and between Sodexo Operations, LLC, and Cargill, Inc., and Cargill Limited. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Neither Sodexo nor Cargill has provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Exhibit No. 2 (CMS00007704-24), ECF No. 336 at 39-60 | 20-page 2008 Subcontract Agreement between Sodexo Management, Inc., and Cargill Meat Solutions Corp. for provision of food supplies and services. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Neither Sodexo nor Cargill has provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Exhibit No. 3 (CMS00007725-30), ECF No. 336 at 61-67 | Seven-page 2009 Amendment Number One to the 2008 Subcontract Agreement by and between Sodexo Management, Inc., and Cargill Meat Solutions Corp., for the provision of food supplies and services. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Neither Sodexo nor Cargill has provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Exhibit No. 4 (CMS00007785-88), ECF No. 336 at 68-70 | Seven-page 2013 Amendment Number Nine to the 2008 Subcontract Agreement by and between Sodexo Management, Inc., and Cargill Meat Solutions Corp., for provision of food supplies and services. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. Neither Sodexo nor Cargill has provided any information about whether the confidentiality provisions apply or are still in effect or what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

C.   Motion to Seal, ECF No. 354

Vincent Grano ("Grano") filed his Motion for Leave to File Documents Under Seal on September 17, 2021. ECF No. 354. Grano asks the Court to seal five records related to his Response in Opposition [ECF No. 359] to Sodexo's Motion for Partial Summary

Judgment regarding Punitive Damages [ECF No. 343] and Grano's Response in Opposition [ECF No. 356] to Cargill's Motion to Exclude Opinions and Testimony of Scott Stillwell [ECF No. 339] "to prevent public disclosure of sensitive proprietary information and trade secrets." ECF No. 354 at 2. In support, Grano claims the documents were produced as "confidential" under the Amended Protective Order [ECF No. 52-1] and include "proprietary business information, including policies, procedures, supplier approval programs and other internal information related to Defendants' business operations." ECF No. 354 at 2. No party filed opposition to sealing these documents. The Court addresses each specific document in the table below:

| Judicial Record | Document Description | Court's Ruling |
| --- | --- | --- |
| Proposed Sealed Document No. 1 (CMS00010411, 10420), ECF No. 355-3 | Two-page excerpt from Cargill's Global Beef Supplier Approval Program policy dated March 10, 2008, revised December 1, 2015. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information and trade secrets that could harm Cargill's competitive standing. |
| Proposed Sealed Document No. 2 (CMS00011378, 11459-60,11462, 11464-72,11474, 11476-78,11553, 11615, 15385-86, 11542-46, 12022-33), ECF No. 355-4 | Compilation of 34 pages of complaint notifications and one investigation report related to Cargill's suppliers in or around 2017. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Proposed Sealed Document No. 3 (CMS00012278-83), ECF No. 355-5 | Six-page report from a study conducted at the Cargill Innovation Center. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information and trade secrets that could harm Cargill's competitive standing. |
| Proposed Sealed Document No. 4 (SDX008295), ECF No. 355-1 | Sodexo's Daily Temperature Log dated October 21, 2017. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The document contains the cooking temperatures for various food items, but no sensitive proprietary information or trade secrets. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Proposed Sealed Document No. 5 (SDX21954-55), ECF No. 355-2 | Sodexo's four-page "Ground Beef Policy" dated January 30, 2012, revised April 24, 2013. | **Granted**. Compelling reasons exist for sealing this document because it codifies proprietary business information that could harm Sodexo's competitive standing. |

D. <u>Motion to Seal, ECF No. 366</u>

Grano filed his Motion for Leave to File Documents Under Seal on September 22, 2021. ECF No. 366. Grano asks the Court to seal seven records related to his Response in Opposition [ECF No. 368] to Cargill's Motion for Summary Judgment [ECF No. 341] "to

prevent public disclosure of sensitive proprietary information and trade secrets." ECF No. 366 at 2. In support, Grano claims the documents were produced as "confidential" under the Amended Protective Order [ECF No. 52-1] and include "proprietary business information, including policies, procedures, supplier approval programs and other internal information related to Defendants' business operations." ECF No. 366 at 2. No party filed opposition to sealing these documents. The Court addresses each specific document in the table below:

| Judicial Record | Document Description | Court's Ruling |
| --- | --- | --- |
| Proposed Sealed Document No. 1 (CMS000000100), ECF No. 367-2 | One-page table of incoming beef trim microtesting results. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The document does not contain sensitive proprietary information or trade secrets. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Proposed Sealed Document No. 2 (CMS000006388-91), ECF No. 367-3 | Four-page Corrective Action Report regarding Cargill's Schuyler site. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The document does not contain sensitive proprietary information or trade secrets. No party has articulated what particularized, |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| | | concrete harm to their competitive standing may result from public disclosure of the document. |
| Proposed Sealed Document No. 3 (CMS00000076), ECF No. 367-4 | Two-page report of product information regarding Sodexo's Angus Ground Beef Patties. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The document does not contain sensitive proprietary information or trade secrets. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Proposed Sealed Document No. 4 (CMS00012988, 15393-99, 12994, 15401-08, 13011, 13020, 12639, 12552, 12598, 12602, 15391-92, 12546, 13184, 12697, 13143), ECF No. 367-5 | 31-page compilation of Cargill beef invoices, some of which already contain redactions. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The invoices contain some contact information but no sensitive payment information, sensitive proprietary information, or trade secrets. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| Proposed Sealed Document No. 5 (SDX14209-11) | According to Grano's Motion to Seal, the document is a "10/21/17 Daily Log." However, Grano did not include the document. | **Denied** as moot. |
| Proposed Sealed Document No. 6 (SDX025781, 8295), ECF No. 367-6 | Sodexo's two-page Daily Temperature Log dated October 21, 2017. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The document contains the cooking temperatures for various food items, but no sensitive proprietary information or trade secrets. No party has articulated what particularized, concrete harm to their competitive standing may result from public disclosure of the document. |
| Proposed Sealed Document No. 7 (SDX021281-82, 21306-07, 21325-26), ECF No. 367-7 | Six-page compilation of produce invoices from Coast Citrus, some of which already contain redactions. | **Denied**. The Court finds no compelling reason to seal this record. Neither a protective order nor an agreement between parties is a sufficient basis to seal a judicial record. The invoices do not contain payment information, proprietary information, or trade secrets. No party has articulated what |

| Judicial Record | Document Description | Court's Ruling |
|---|---|---|
| | | particularized, concrete harm to their competitive standing may result from public disclosure of the document. |

### III. Conclusions and Orders

For the reasons above, the Court:

1. **GRANTS** Sodexo's Motion for Leave to File Documents Under Seal [ECF No. 333] as to ECF Nos. 334-3, 334-7, 334-8, 334-9, and 334-10; **DENIES** the Motion as to ECF Nos. 334-1, 334-2, and 334-11; and **GRANTS IN PART** and **DENIES IN PART** as to ECF Nos. 334-4, 334-5, and 334-6.

2. **DENIES** Cargill and Sodexo's Motion for Leave to File Documents Under Seal, ECF No. 335.

3. **GRANTS** Grano's Motion for Leave to File Documents Under Seal [ECF No. 354] as to ECF Nos. 355-2, 355-3, and 355-5; and **DENIES** the Motion as to ECF Nos. 355-1 and 355-4.

4. **DENIES** Grano's Motion for Leave to File Documents Under Seal, ECF No. 366.

5. **ORDERS**, with respect to those exhibits for which a motion to seal was granted in part and denied in part [ECF Nos. 334-4, 334-5, and 334-6], that to the extent Sodexo wishes to rely on those exhibits for purposes of its briefing, it shall file within fourteen (14) days of this Order a "public version" of those exhibits including the portions for which the Court has denied the motion to seal. In the event Sodexo does not file such a "public version" of an exhibit, it may not rely on such an exhibit.

6. **ORDERS**, with respect to any other exhibits for which a motion to seal was denied, that to the extent a moving party wishes to rely on those exhibits for purposes of its briefing, it shall file within fourteen (14) days of this Order an unredacted "public

version" of those exhibits. In the event a party does not file such a "public version" of an exhibit, it may not rely on such an exhibit.

7. **ORDERS** the Parties to comply with Section VIII of the undersigned's Chambers Civil Procedures regarding any future requests to file documents under seal.

**SO ORDERED**.

Dated:  August 16, 2022

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge